**FILED**

JAN 25 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

*United States District Court*
*for The District of Columbia*

*Kenneth N. Hammond* #09567·001
Hope Village #103, aggrieved party,
2840 Langston Place, SE
Washington, V. DC 20020
*U.S. Parole Commission, et. al.*
                    Defendant(s)

Case: 1:08-cv-00147
Assigned To : Leon, Richard J.
Assign. Date : 1/25/2008
Description: Habeas Corpus

*AGGRIEVED PARTY's*
*GREAT WRIT OF HABEAS CORPUS*
as according to The 14th Amendment

Jurisdiction and venue

This court's federal court (habeas) jurisdiction is conferred by The
allegation of an unconstitutional restraint "for which The Jurisdic-
tional pregisite is detention simpliciter" *Fay V. Noia*, 533 US
289, 301 (2001) which encompassed detention based on error of
law, including The erroneous application or interpretation
of Statutes and as available to answer pure questions
of **RECEIVED** those raised herein 533 US at 303, 305.

JAN 1 4 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## No Appeal Remedy available

District of Columbia's prisoner(s)/parolee(s) have No appeal remedy made available To Them under The U.S. parole Commission, Therefore, This Case is ready for Jurisdical reveiw, see- parole order inclosed stating That parole decision is Not appealable. Exhibit F

The aggrieved party moves before This honorable Court as according To The 5th, 8th, & 14th Amendments of The Constitution, seeking This honorable Court To order The defendants To release The aggrieved party From The state of unlawful detention and restore The aggrieved party's liberty.

The aggrieved party moves before This honorable Court with The federal questions; as according To 28 U.S.C.S. §1331.

(1) Are Not The aggrieved party's due process violated when-ever a interpretation of a statute is misapplied And That misapplication retroactively increases The aggrieved party's punishment?

(2) Is it Not unlawful for The U.S. parole Commission To order a prisoner To re-serve a sentence from which he has already served under parole custody?

(3) Because parole is Custody and is seen as ~~████~~ an extension of The prison walls, does it Violates The parolee's 5th, 8th & 14th Constitution Amendment Rights?

## Procedural History

The aggrieve party, Kenneth N. Hammond, was sentence on 7-13-1992 in F4008-91 To 3 years To 9 years for Robbery, resentence for probation violation F11642-91 & F13413-91 second degree burglary & Bail reform Act, 2 To 6 years & 180 days all of These sentences were consecutive, a full total of 15½ years. See-Exhibit A 3pgs (Judgment & commitment order's)

On 4-26-1996 The aggrieve party was paroled and was To remain under parole supervision until september, 11, 2007, his full-Term sentence date. See-Exhibit B (parole certificate)

On 10-16-1997 a parole violation warrant was issued (83 day later) on 1-7-1998 The warrant was executed. See-Exhibit C 2pgs (Warrant & public information Inmate data)

On 7-15-2005 The aggrieve party was mandatory parole, on 1-29-2007 a parole warrant was issued (23 days later) on 2-21-2007 The warrant was executed. See-Exhibit D 2pgs (certificate of mandatory parole & warrant for return of prisoner)

On 11-17-2007 The aggrieve party receive a (sentence monitoring computation data) sheet which stated That The aggrieve party's full Term sentence date has been moved from september, 11, 2007 To December, 28, 2010., 1,203 days (converted) 39 months 18 days has been added To The aggrieve party's full Term date The Time The aggrieve party was "In custody" under parole. See-Exhibit E.

## Aggrieve party's Statements of facts

for The aggrieve party acknowledge That The only days That Can be forfeited from his sentence is The days from which he was Not In Custody as

according To Jones v. Cunningham, Supra, etc., for The aggrieve party moves before This Court seeking This Court To grant his writ of Habeas Corpus and restore The Time That is To be accounted back Towards his Sentence, for The Time he was "In Custody".

for The aggrieve party was Not in Custody For a total of 106 days, Which if added To The aggrieve party's full Term date of September, 11, 2007 Would bring a New full Term date of December, 26, 2007 "Not" December, 28, 2010, from The Times of The issuing of The warrant(s) To the execution of The warrant(s).

## Aggrieve party's Supporting Facts & Statements

What's Considered as "In Custody" for The purpose of Time Served upon a Sentence from which a Sentence is Served, for The purpose of The habeas Corpus Statutes "In Custody" means That The prisoner/parolee is subject To "restraints Not Shared by The public generally" see- Jones v. Cunningham, 371 U.S. 236, 240, 83 S.Ct. 373, 9 L.Ed. 2d 285 (1963).

This must Take The form of Some Type of Continuing government supervision over The person, or The existence of an imminent possibility of incarceration without an intervening formal Judicial proceeding. See- Hensley v. Municipal Court, 411 U.S. 345, 351, 93 S.Ct. 1571, 36 L.Ed. 2d 294 (1973), Thus, The Custody requirement Can & is Satisfied by a wide variety of restraints Not involving actual physical incarceration as release on probation or parole. See- Spencer v. Kemna, 523 US1, 7, 118 S.Ct. 978, 140 L.Ed. 2d 43 (1998); Jones v. Cunningham, 371 US 236, 242-243, 83 S.Ct. 373, 9 L.Ed. 2d 285 (1963).

Also custody is found where one is sentence to a halfway house (or) ordered to attend an alcohol rehabilitation program. See - <u>Wottlin V. Fleming</u>, 139 F.3d 1032, 1034 n.1 (5th cir. 1998); <u>Dow v. Circuit Court</u>, 995 F.2d 922, 923 (9th Cir 1993) & <u>Smith V. U.S.</u>, cr. 86-60034-FR (oregon 1992).

The Black Law Dictionary, seventh Edition of 1999 define <u>Custody</u> as (1) The care & control of a Thing or person for inspection, preservation or security.

Constructive Custody as (2) Custody of a person (such as a parolee (or) probationer) whose freedom is controlled by legal authority but who is not under direct physical control.

physical Custody as (3) Custody of a person (such as an arrestee) whose Freedom is directly controlled and limited.

From the reading of the Two meaning of Custody & Constructive Custody it can be without bias fairly found That the meaning of The Two are the same, meaning to be in control & limited by another, be it an individual acting as its agent of the State or the State it self.

for under <u>Mohammed V. Harvey</u>, 456 F.supp.2d 115 (D.C.C. 2006) States: a prisoner is in the constructive custody of the United States when he is in the actual, physical custody of some person or entity who can not be deemed the United States, but is being held under the authority of the United States or on its behalf. Constructive custody has been found in cases of actual custody between one State & another, between a State and a private prison, between the United States and private individuals acting as its agent, and between the United States and a

foreign Country That is used as The United States intermediary.

for under Arrington v. McGruder, 490 F.2d 795, 797 (D.C.C. 1974) states: The issue here does not involve The question of The Time after violation of The Terms of "parole Custody", and before reimprisonment as a parole violator; as To such Time, it has been held That The violator of parole Custody is in The same status as an escapee, and That such Time does not Count as Time in Custody. See also Zerbst v. Kidwell, 304 U.S. 359, 82 L.Ed. 1399, 58 S.Ct. 872 (1938).

## "Why parole Can be found as Secondary Custody"

furthermore The aggrieve party asserts That it is evident That from The reading of The Supreme Court case's Zerbst v. Kidwell, 304 U.S. 359; Anderson v. Corall, 263 US 193; Jones v. Cunningham, 371 US 236, That parole is a secondary part of The aggrieve party's Original Sentence and "must be" Considered as "In Custody" and Therefore should be found as Time served Towards service of That Sentence from which The aggrieve party is Continuously Serving as found Under 18 U.S.C. §§ 3585; 4210(a); D.C. Code § 24-204., likewise The other reason That it Can be found That parole is a secondary part of The Original Sentence is because a prisoner Cannot waive Their mandatory release date, and are forced onto parole, for They are not allowed To waive Their statutory & Extra good Time or Institutional Credits which makes up Their mandatory release date, This making parole a mandatory Secondary part of his or her Original Sentence. See - Woodson v. Attorney General, 990 F.2d 1344 (D.C. Cir. 1993).

(6)

Because The Same restricted elements and requirements That are placed on a prisoner in prison are placed on a parolee under "parole custody" which are such, That it can be found That "parole custody" is in fact "In custody" for The purpose of service toward That sentence, for The Similarities between The Two are as follows They both "do not" have a Fourth Amendment right against search & Seizure, They "cannot" Change housing or Jobs, They cannot Leave outside of The asigned area or boundary, They cannot open or have a savings account, They cannot operate a motor vehicle, and may not marry without first uptaining permission.

for under <u>Samson v. California</u>, 547 US.___, 126 S.Ct. ___ 165 L.Ed.2d 250 (2006); <u>U.S. v. Knights</u>, 534 US 112, 122 S.Ct. 587, 151 L.Ed.2d 497 (2001); <u>Griffin V. Wisconsin</u>, 483 US 868, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987); <u>palmer v. Hudson</u>, 468 US 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); <u>morrissey v. Brewer</u>, 408 US 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); <u>Jones v. Cunningham</u>, 371 US.___ 83 S.Ct. ___ 9 L.Ed.2d 285 (1963) It can be found That The parolee is "In custody" for The purpose of service being served Toward The Sentence.

The Same Strict Similarity between prison And parole, and why parole can be found as <u>"In custody" for The purpose of service being served Toward Sentence</u>

The aggrieve party asserts That from all The Cases That The Court(s) made it ruling from and The Similarities of Those Court ruling This Court will find That from The Supreme Court interpretations, That parole is "In custody" for The purpose of service

being served toward the sentence, for the similarities are as
followed below.

## Searches of Cells, homes & private property

The supreme Court under <u>Hudson v. Palmer</u>, 468 US 517, 530 (1984)
held That prisoner's don't have a reasonable expectation of privacy
in Their cells so prison officials can search Them as a routine
matter without any particular Justification, and without having
To produce anything like a Search warrant.

under The supreme Court Case <u>United States v. Knights</u>, 534 U.S.
112, 122 S. Ct. 587, 151 L. Ed. 2d 497 (2001) held That it Justified The
warrantless search of parolee's by parole or probation officers
& or other peace officer, with or without a Search warrant &
with or without Cause and Solely on The basis of The parolee's
parole Status. also see - <u>Griffin</u>, 483 U.S. at 879-80.

## pat-down Searches

The supreme Court in <u>Bell v. Wolfish</u>, 441 US 520, 527 (1979)
support upholding prison rooms, living areas, and pat-down
searches., for at 558-60 The majority Concluded That The
fourth Amendment, "prohibits only unreasonable Searches
and under The Circumstances, we don't believe That These
searches are unreasonable", & That The body Cavity searches
did not violate The ~~~~~~ reasonableness Standard of The
fourth Amendment in light of The "significant & legitimate"

security interests of the institution.

for under Samson v. California, 547 US _ 126 S.Ct. _ 165 L.Ed. 2d 250 (2006) held that the Fourth Amendment does not prohibit a blanket policy subjecting all parolee's to suspicionless searches at anytime, as a condiction of release.

### Strict Rules To followed To prevent
### prison Disciplinary & parole violation Sanctions

The aggrieve party moves before This Court To illustrate why it is found That The Same Strict rules made for The prisoner are actually The same strict rules That have been made for The parolee on parole and That These Strict rules are so close in nature That it can be seen That a parolee is no more Then a prisoner under The Status of a Prison Trusty, for They are both Still "In Custody" but are Trusted by Their Custodian's To move about within a wider perimeter on The outside of The prison walls. see- McCoy v. Harris, supra, 108 Utah, at 414, 160 p. 2d at 722 Stating That parole does not Change The Status of a prisoner, it merely 'pushes back The prison walls' and allows him The wider freedom of movement (while serving his sentence).

prison regulation/restrictions are generally govern under Code of Federal Regulations Title 28 Ch. 5, sub. ch C

§§ 545.20-23 & 551.16 states:
prisoners are not allowed To Change place of Employment

(work asignment) but must get authority Through Their Correctional Counsel;

prisoners are Not allowed To Change Their residents (Cells) without The authority of The Unit manager;

prisoners are Not allowed To marry, open or have bank accounts, make Calls or receive mail and may Not operate any machine's without The authority of The warden of The facility From which The prisoner is housed;

prisoners are also Not allowed outside of The prison walls, Limited boundary or perimeters set around about The prison From which They are serving Their sentence without authorization.

The aggrieve party asserts and The records herein do Show That These same restrictions apply To parolee's. See- Jones V. Cunningham, 371 US 236, 83 S.Ct. 373, 9 L.Ed. 2d 285 (1963) & morrissey V. Brewer, 408 US 471, 33 L.Ed. 2d 484, 92 S.Ct. 2593 (1972) which States:

To accomplish The purpose of parole, Those who are allowed To leave prison early are subjected To specific Conditions for The duration of Their Terms, These Conditions restrict Their activities substantially beyond The ordinary restrictions imposed by law on an individual Citizen, parolee's are Confined by The parole order To a particular Community, house, and Job at The sufferance of his parole officer, he cannot drive a car without permission, he must periodically report To his parole officer, permit The officer To visit his home And Job at anytime, and follow The officer's advise, he is admonished To Keep good Company & good hours, work regularly, Keep away from undesirable places, and live a Clean, honest, and Temperate life.

(10)

Typically, parolee's are forbidden to use liquor or to have associations or correspondence with certain categories of undesirable persons, Typically, also they must seek permission from their parole officers before engaging in specific activities, such as changing employment or living quarters, marrying, acquiring or operating a motor vehicle, Traveling outside the community, incurring substantial indebtedness and giving urine tests.

Additionally, parolee's must regularly report to the parole officer to whom they are assigned and sometimes they must make periodic written reports of their activities, he must not only faithfully obey these restrictions & conditions but he must live in constant fear that a single deviation, however slight, might be enough to result in his being returned to prison to serve out the very sentence that was imposed upon him, he can be rearrested at anytime the Board or parole officer believes he has violated a term or condition of his parole, and he may be thrown back in Jail to Finish serving the sentence with few, if any of the procedural safeguards that normally must be and are provided to those charged with a crime.

It is not relevent that conditions and restrictions such as these may be desirable and important parts of the rehabilitative process, what matters is that they significally restrain the aggrieve party's liberty to do those thing which in this country free men are entitled to do.

while a parolee's parole release's him from immediate physical imprisonment, it still imposes such strict conditions which

(11)

Significantly confines and restrains his freedom, because of this fact, The aggrieve party asserts That this is enough to find that he is in The custody of The U.S. parole Commission within The meaning of "In Custody" for The purpose of Time being served upon The sentence from which he has been sentence. See-JONES v. CUNNINGHAM, supra, 371 U.S at 242-243, 83 S.Ct. at 376-377, 9 L. Ed. 2d 285.

For The government To Try and contend That a parolee, after a parole revocation, and after The Time he served on his sentence in prison, for he is being ordered To serve a day in prison for every day he has already served on parole "In Custody", for The aggrieve party asserts That This ordering of The parolee To reserve days of a sentence from which he has already served is a clear violation of The Double Jeopardy Standards, and also a violation of The aggrieve party's Fourteen Amendment.

As according To The 28 C.f.R. § 2.52 (C)(1) & (2) "Revocation Decisions" States verbatim:

(C) A parolee whose release is revoked by The Commission "will receive" Credit on service of his sentence for Time spent under supervision, except as provided below:

(1) If The Commission finds That such parolee intentionally refused or failed To respond To any reasonable request, order, summons, or warrant of The Commission or any agent Thereof, The Commission may order The forfeiture of The Time during which The parolee so refused or failed To respond, and such Time shall not be Credited To service of The sentence.

(12)

(2) It is The Commission's interpretation of 18 U.S.C. § 4210 (b)(2) That, if a parolee has been convicted of a new offense committed subsequent To his release on parole, which is punishable by any Term of imprisonment, detention, or incarceration in any penal facility, forfeiture of Time from The date of such release To The date of execution of the warrant is an automatic statutory penalty, and such Time shall not be "Credited" *" To The service of The sentence., however, in no event shall The violator Term imposed under This subsection, Taken Together with The Time served before release, exceed The Total length of The original sentence.

"*" NOTE:  The use of The "Credit" in The above stated statute brings about an misconception of The Ture facts, for a day spent "In Custody" is not a day "Credited", but is a day That is "accounted" Towards That sentence, for That day is a day That has been served, Not a day That has been given as if it was a gift.

For many of The lower Courts and The U.S. parole Commission are under The wrongful impression That "all The Time" That a parolee was on parole is To be forfeited if The parolee violates any of The Conditions of his parole, but from reading The above statutes and Cases it is found That The only Time That is "not To be accounted" Toward The parolee's sentence is The Time That he willfully refuse To comply and from The Time The parole warrant is issued To The Time The warrant is executed.

For The Supreme Court has consistantly and repectedly ruled That The Time after a parole warrant is issued until The Time

(13)

The warrant is executed the parolee is no longer in custody, and therefore is under the status as an escapee, and that such time does not count as time in custody. see- <u>Zerbst v. Kidwell</u>, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed 1399 (1938) & <u>Anderson v. Corall</u>, 263 US 193, 44 S.Ct. 43, 68 L.Ed. 247 (1923).

accordingly from the reading of <u>Anderson v. Corall</u>, 263 US 193, 44 S.Ct. 43, 68 L.Ed. 247 (1923) which established that "parole custody" is "<u>In custody</u>" for the purpose of service towards the sentence for the time that the parolee was in compliance of his parole release order., and that he was found to be under the same status as an escapee when he was no longer in compliance, makes very clear that the only time a parolee forfeit's is the time from the issuance of the warrant to the executing of that same warrant. <u>See-</u> Anderson v. Corall, supra.

## The Reading and Interpretation of Statutes
### 18 U.S.C. §§ 3568; 3585, 4210(a) and D.C. Code § 24-204

<u>§3568 States:</u> The sentence of imprisonment of any person convicted of an offense "shall commence" to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence., The Attorney General "shall give" any such person credit toward service of his sentence for any day spent "in custody" in connection with the offense or acts for which sentence was imposed.

<u>§ 3585(a)</u> a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official

detention facility at which the sentence is to be served.

§4210(a) a parolee "shall remain" in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which such parolee was sentenced.

§24-204(a) states: while on parole a prisoner "shall remain" in the "legal-custody" and under the control of the Attorney General of the United States or his authorized representative until the expiration of the maximum of the term or terms specified in his sentence without regard to good time allowance.

From the reading of these statutes make evident that a prisoner/parolee is at all times "in custody" and that they are to be accounted for the time served on the service of the sentence imposed unless they are placed on escape, under which case they are not in custody and can not be accounted for that time they are on escape. see- Zerbst v. Kidwell, 304 US 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938); Anderson v. Corall, 263 US 193, 44 S.Ct. 43, 68 L.Ed. 247 (1923).

From the reading of these two supreme court cases Zerbt v. Kidwell, & Anderson v. Corall, it can be fairly concluded that a parolee is in custody for the purpose of service on the sentence from which the parolee was sentence and therefore is serving time on the sentence day by day as long as that parolee is incompliance with his parole order, for he/she is to receive accountability towards that sentence from which they are serving.

(15)

Reading & Interpretation of parole statutes
18 U.S.C. §§ 4205; 4210(a) & (c); D.C. Code § 24-206

§ 4205 provides: a warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of parole or a member thereof and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant; and [The time the prisoner was on parole shall not diminish the time he was sentenced to served].

§ 4210

(a) a parolee shall remain in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which such parolee was sentenced.

(c) In the case of any parolee found to have intentionally refused or failed to respond to any reasonable request, order, summons, or warrant of the Commission or any member or agent thereof, the jurisdiction of the Commission may be extended for the period during which the parolee so refused or failed to respond.

§ 24-206 provides:
    If the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody, for the purpose

(16)

of Computing Commutation for good Conduct, The remainder of The Sentence Originally imposed Shall be Considered as a New Sentence [*"* The Time a prisoner was on parole Shall Not be TAKEN into account To diminish The Time for which he was SentENCE].

*"* NotE: The last segments of each statute's 18 U.S.C. § 4205 & D.C. Code § 24-206 are being misinterpreted outside of The Statute(s) Ture meaning of 18 USC §§ 3568; 3585(a); 4210(a); 28 C.f.R. § 2.52(c)(1); D.C. Code § 24-204 & The Supreme Court Rulings in Case's Zerbt v. Kidwell, Anderson v. Corall, and Jones v. Cunningham, which all state and make very evident That a parolee is in Custody for The purpose of Service Towards The Sentence.

To Confirm This matter "beyond all doubt," on April, 23, 1993 The U.S. Court of Appeals for The District of Columbia made a Court Ruling in The Case of Helen D. Woodson v. Attorney General, et al, 990 F.2d 1344 That a prisoner Can Not waive good-Time Credits and remain in prison for The maximum length of Their Confinement because The Commutation Scheme envisioned by 18 U.S.C. § 4161 & 4163 was mandatory.

This ordering That all prisoners must be forced onto parole as a Secondary part of Their Original Sentence, and because They are Not allowed To waive These mandatory Credits and are ordered onto parole, The Time They Spend on parole "must" be "accounted" Towards The Sentence as Time Served upon That Sentence, being forced onto The Continuous Secondary

(17)

part of the original sentence means that the prisoner is still in custody and that the time he is serving has not change., for the granting of parole does not change the status of a prisoner, it merely "pushes back the prison walls" and allows him the wider freedom of movement "while serving his sentence."

The paroled prisoner is legally in custody the same as the prisoner that allowed the liberty of the prison yard; working on the prison farm (or) on work release in the community; the realm in which he serves has been extended., he is in the custody of the State and is serving his sentence outside of the prison rather than within the walls. See— McCoy v. Harris,

Because it has been found that a parolee in violation of his parole is in the same status as "an escapee", and that such time does not count as time in custody; See- Zerbst v. Kidwell, Anderson v. Corall, supra. and under Story v. Rives, 97 f.2d at 188 the parole revocation warrant itself describes the parole violator as a "Fugitive from Justice" as a consequence of the parole violation., therefore, in order for one to be an escapee (or) a fugitive from Justice one must first be in custody, and being so must be accounted for the time that one has served upon the sentence while in custody for each day that one has served on the sentence.

(18)

## for parole is Custody

The aggrieved party asserts and the record herein do verify That parole is Custody for The purpose of service Towards The Sentence.

Under _Artez v. Mulcrone_, 673 F.2d 1169, 1170 (10th Cir 1982) stated: The parole Commission does not modify a Trial Court Sentence, but merely determines whether The individual will (serve The Sentence) inside (or) outside of The prison walls. See - also _Moore v. Nelson_, 611 F.2d 434, 439 (2d Cir 1979); _Marrero v. Warden_, 488 F.2d 656, 661 (3d Cir 1973), rev'd on other grounds, 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed. 2d 383 (1974); _Smaldone v. United States_, 458 F.supp. 1000, 1003 (D. Kan. 1978).

_Howie v. Byrd_, 396 F.supp 117, 123 (4th Cir 1975) Ruled: If parole is "Custody", (or) an extension of The prison walls, (or) in legal effect imprisonment; as The fourth circuit Court of Appeals Correctly observed in _Alvarado v. Mclaughlin_, 486 F.2d 541, 544 (4th Cir 1973) Then for These reasons It ought To Count Towards Service of The original Sentence.

In _Alvarado v. Mclaughlin_, 486 F.2d 541, 544 (4th Cir. 1973) Ruled as follows: parole is not a suspension of Sentence, _Jenkins v. Madigan_, 211 F.2d 904, 906 (7th Cir. 1954) cert. denied, 348 US 842, 75 S.Ct. 63, 99 L.Ed. 664; it does not remove (or) make invalid The sentence imposed, _Marrero v. Warden_, supra, it is Still a form of Custody, _padilla v. Lynch_, 398 F.2d 481, 482 (9th Cir. 1968), and is in legal effect imprisonment, _Anderson v. Corall_, 263 US 193, 196, 44 S.Ct. 43, 68 L.Ed. 247 (1923), in Summary, it's not a release of The prisoner from all disci-

plinary restraint but is rather merely an extension of the prison walls, and the prisoner while on parole remains in the legal custody and under the control of the parole Board, United States V. Nicholson, 78 F. 2d 468, 469-470 (4th cir. 1935), cert. denied 296 US 573, 56 S. Ct. 118, 80 L. Ed. 405.

Parole is not a suspension of a sentence, it is a substitution during the continuance of the parole, of a lower grade of punishment, by confinement in the legal custody and under the control of the warden within the specified prison bounds outside the prison, for the confinement within the prison adjudged by the court; while the parolee is out of prison under the parole, he is still serving his sentence. Anderson V. Williams, 279 F. 822, 827 (8th cir 1922).

It must be borne in mind that the legal philosophy underlying the parole law is not a release of the prisoner from all disciplinary restraint but is rather merely an extension of the prison walls, and the prisoner while on parole remains in the legal custody and under the control of the parole Board., Anderson V. Corall, 263 US 193, 196; Morgan V. Aderhold, 73 F. 2d 171, 172, Stockton V. Massey, 34 F. 2d 96 (CCA4).

However, an unforeseeable interpretation of a statute, if applied retroactively, that increases punishment violates due process. Bouie V. City of Columbia, 378 US 341, 353-54, 12 L. Ed. 2d 894, 84 S. Ct. 1697 (1964).

Misapplication of The Two Statutes
18 USC § 4205 and D.C. Code § 24-206
To Create a U.S.P.C. power To extend The
Lawful expiration date beyond The Sentence expiration

For These Statutes 18 U.S.C. § 4205 & D.C. Code § 24-206, both State and order That The Time That a parolee has served on his Sentence under The Secondary part of his Sentence. See — woodson V. Attorney General, et al, 990 F. 2d 1344 (D.C. Cir. 1993) is to be accounted Towards his Sentence, but That The Time spent on parole may not be used as a Credit To diminish The remaining Time for which The prisoner was Sentence, for This The aggrieve Party agrees with The True meaning of The Statutes.

Example:

   a prisoner is sentence To 10 years in prison, he Serves 4 years within The prison walls and is paroled, he has 6 years remaining on his Sentence To Serve, after 3 years on parole he is returned within The prison walls for a parole violation, The Time remaining on his Sentence To Serve is 3 years., Now - The Statute States That The 3 years The parolee served on parole may not be used To diminish (as a Credit) The 3 years That is remaining on The prisoner's Sentence., (meaning The 3 years Served on parole, he could not receive any kind of good-Time Credits for That Time, and That No Credits for Time Spent on parole Could be used To diminish (To detract from) The remaining 3 years The parolee had To Serve Towards The Sentence.

(21)

In The instant case, The U.S. Commission interprets The said statute(s) as allowing them a power To Say all Time Served in parole custody is a "Credit" Not Time served on The sentence. Hence all parole Time in custody, upon revocation of parole, is disallowed and must be reserved behind The prison walls" (for This interpretation proceeds on The already invalid assumption That parole is not custody and That consequently, under The statute(s), The Time for which a prisoner was sentenced may be served only behind prison walls" See- Bates v. Rivers, 323 F. 2d 311, 314 (D.C. Cir. 1963), for result, if we use The example given above, after Serving The Three years on parole custody... Once The parolee was Violated instead of 3 years remaining To comple his original 10 year sentence he would have 6 years., Since The only Time in custody is Time spent behind The prison walls.

This interpretation of The statutes not only overturn more Than 50 years of supreme court precedents and circuit courts holding. See - Jones v Cunningham, 371 US 236, 83 S.Ct. 373, 9 L.Ed. 2d (1963) —Thur- Samson v. California, 547 US__126 S.Ct. —165 L. Ed. 2d 250 (2006) There from, but it also arrogates To The U.S. parole Commission a power To Convert every determinate Sentence into a indeterminate sentence although neither The law (Nor) The sentencing court required such a sentence., for The law is settle and clear on That principle; a credit is Not custody served but an award given That diminishes The amount of custody Time To be Served.

(22)

Accordingly if The Court approved The practice The Commission is using herein it would mean That every D.C. parolee stop serving Their Sentences The moment They were paroled, and for every day served in parole Custody ~~served~~, must be reserved in prison, This is an absured Conclusion and is in derect Conflict with The 5th, 8th, & 14th Amendments of The Constitution.

For under The eighth Amend. it was established That no man was To serve a sentence from which he had already served, This punishing or penalizing him Twice for The same event., from The reading of The above Statutes and Case's it is Credance That Time spent in Custody "must be accounted" Towards a sentence That is being served and That no parole authority Can Order The unlawful Taking (or) withholding of Time served upon a sentence.

As Judge Skelly J. Wright, of The D.C. Court of Appeals made a Juristical dissenting Judgement, Stated a legal fact and finding That:

parole is merely a modern form of exercise of "Custody and Control" by The authority <u>Jones v. Cunningham</u>, supra, when The period fixed by Judgement for The prisoner's release from Custody & Control has arrived, he may no longer be held under The original Sentence ... No matter whether he has (or) has not had parole granted or revoked., To keep him in Confinement longer Than Called for by his sentence would be To deprive him of liberty without due process of law, The Statute Should Not be read To require an Unconstitutional Confinement.,

(23)

It was also found in that case as can be found herein, for refusal to count parole time as part of the period in custody would raise grave constitutional problems. See- <u>Bates v. Rivers</u>, 323 F.2d 311, 315 (D.C. Cir. 1963)

In <u>Smith v. U.S.</u>, 687 A.2d 581, 583 (D.C. Cir. 1986) it was found (recognizing the "general rule- premised on double Jeopardy concerns — that once a defendant begins serving a sentence, the sentence may not lawfully be increased)

Also, because under the parole commission's interpretation of the statute(s) it would mean that the parole commission can continuosly resentence the parolee to a new prison term and or parole supervision term that exceeds the original sentence., for it was found in the U.S. District Court for the District of Columbia <u>Williams v. U.S. parole Comm.</u>, 860 F.supp. 1, 4 (D.C. Cir. 1994) that this kind of "yo-yo sentencing" can not be countenanced.

(meaning as in the case of Williams where the Commission continuously revoked williams for a parole violation and resentenced him to a new term of imprisonment & supervised release) for that Court concluded that if the commission continuously resentence williams beyond the original sentence, that this kind of resentencing would inadvertently convert williams five year sentence into a life sentence and that this type of sentencing went out with the dark ages., for it can be also found that for the commission in placing their interpretation form over the true statute(s) meaning substance, clearly has abused its discretion.

(24)

For it is hard To believe That so many Sister Circuit Courts as well as The Supreme Court all could be so wrong iN its Judgments That "parole custody" is "IN custody" for The purpose of days spent being served on parole as days being Served Towards The Completion of The original Sentence.

## Conclusion And Relief

The aggrieve party asserts and The records herein do Confirm That The Time The aggrieve party spent on parole "IN custody" is To be accounted Towards The Completion of his original Sentence, and That The "only Time" That Can be Forfeited (or) witheld From his sentence is The Time From The issuance of a parole warrant UNtil The execution of That Said warrant, For as herein The only Time That Can be Forfeited (or) witheld in This aggrieve party's sentence is (106 days) From 10-16-1997 To 1-7-1998 and From 1-29-2007 To 2-21-2007 This Lawfully Converting The aggrieve party's execution of original sentence date From 9-11-2007 To 12-26-2007.

The aggrieve party moves before This honorable court seeking The relief of This court executing The order To release The aggrieve party from any and all obligations That was owed To The defendants by The aggrieve party and for This order To be executed as accounding To The date of 12-26-2007 The Sentence execution Completion date.

" Address of
Place of CONfinement
Hope village
2840 Langston place. S.E.
Washington, D.C. 20020
202-678-1077 / 678-1551   (25)

Respectfully Submitted
Hammond N. Kenneth   11/12/08
Mr. Kenneth N. Hammond  #09567-007 / Date

I The aggrieved party hereby declare That The above
Stated Information Contained herein This Great writ
of habeas Corpus is True and Correct To The best
of my Knowledge as according To 28 U.S.C. § 1746.

"Note"        mailing
              Address    →
              after 3-20-2008

Hammond N. Kenneth  1/02/08
Mr. Kenneth N. Hammond
9302 Piney Branch Rd #202
Silver Spring md 20903

Address'es of The defendant(s)

U.S. Department of Justice
United States parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland, 20815



(26)

**EXHIBIT A**

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

vs.

*Kenneth Hammond*

Case No. *F-11642-91*
PDID No. *300-497*

*Probation Revoked* R

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____ *Burglary II*

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to *2 to 6 years consecutive.*

☒ MANDATORY MINIMUM term of _____ applies to the sentence imposed.
☒ MANDATORY MINIMUM term does not apply.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

   ☐ Observe the general conditions of probation listed on the back of this order.

   ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

   ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

   ☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

☐ _____

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

*7/17/92*
Date

Certification by Clerk pursuant to Criminal Rule 32(d).

*7/17/92*
Date

Deputy Clerk

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Case No. F-13413-91

vs.

_Kenneth Hammond_

PDID No. 300-49-1

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of
_Misdemeanor, Bail Reform Act_

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been
convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _180 days_
_Consecutive_

☐ MINIMUM term of _____ applies to the sentence imposed.
☐ MINIMUM term does not apply.

☐ that the defendant be committed to the custody of the Attorney General for imprisonment for
the term specified above.

☐ that the defendant be committed to the custody of the Attorney General for treatment and supervision as a Young Adult Offender/Youth Offender pursuant to Title 24, Section 803[b] of the D.C. Code.

☐ ORDERED that while on probation the defendant observe the following marked conditions:

☐ refrain from receiving medical, psychological or psychiatric treatment in accordance with instructions from your Probation Officer.
☐ Treatment for ☐ alcohol problems, ☐ drug dependency or abuse, as follows: _____

_____ in monthly installments of $ _____
(see reverse side for payment instructions)

☐ MINIMUM of $ _____ have been assessed under the Victim ☐ have ☐ have not been paid.

_____ pursuant to Criminal Rule 32(d).

GENERAL CONDITIONS OF PROBATION

_9-9-91_                                                    _____
Date                                                        Deputy Clerk



SUPERIOR COURT OF THE

Case No.
PDID No.
DCDC:

JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge of ROBBERY

Having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant and is guilty of the offense(s) charged, and is hereby SENTENCED to

# **EXHIBIT B**

PD-16
(Revised 10/81)

DC BOARD OF PAROLE
OFC OF PLANNING & INFO

96 MAY -1 PM 4: 28

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
## CERTIFICATE OF PAROLE

### ADULT

AP# 17038-96

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that Hammond, Kenneth _____ D.C.D.C. 202-521 ____ is eligible to be PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will remain at liberty without violating the law and that the release of the individual to supervision is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-named be PAROLED on __April 26, _____, 19 96, and that said person remain under supervision within the limits of the _____ Washington, Metro Area ____ (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia) until September 11, _____ 2007 ; unless or until other action is taken by the District of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide by and comply with all of the conditions of parole as shown on the reverse side of this CERTIFICATE.

Given under the hands and seal of the BOARD this _____ 26 _____ day

of A TRUE COPY _____ 19 96

TEST

*Michael Green*

Director. Michael Green
Parole Determination

The above-named was released on

the 26TH day of APRIL, 19 96

FOR: *Michele Jones Coley*

JOHN S. HENDERSON

Administrator

*Margaret Quick*

pAge #1

# EXHIBIT C

```
BOPG8                          PUBLIC INFORMATION                        02-17-2005
PAGE 003                          INMATE DATA                            12:59:25
                                AS OF 02-17-2005

REGNO..: 09567-007 NAME: HAMMOND, KENNETH N

                      RESP OF: CDC / HOLDOVER FOR INST TO INST TRF
                         PHONE..: 301-317-3280    FAX: 301-317-3184
        PRE-RELEASE PREPARATION DATE: 01-12-2005

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  07-12-2005 VIA MAND PAR

-------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F4008-92B/11642-91C
JUDGE...........................: BURNETT
DATE SENTENCED/PROBATION IMPOSED: 07-13-1992
DATE WARRANT ISSUED.............: 10-16-1997
DATE WARRANT EXECUTED...........: 01-07-1998
DATE COMMITTED..................: 03-27-2000
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:


RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO          AMOUNT:  $00.00

-------------------CURRENT OBLIGATION NO: 010 ----------------------
OFFENSE CODE....: 605
OFF/CHG: BURGLARY II/ROBBERY/BAIL REFORM ACT
         (PAROLE VIOLATION)

SENTENCE PROCEDURE..............: DC GTCA ADULT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:   15 YEARS     180 DAYS
NEW SENTENCE IMPOSED...........: 4151 DAYS
BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
DATE OF OFFENSE................: 09-30-1991




G0002        MORE PAGES TO FOLLOW . . .
```

*- 83 days*

# **EXHIBIT D**

```
CAA3N  540*23 *
PAGE 001           *          SENTENCE MONITORING              *    10-31-2007
                              COMPUTATION DATA                 *    12:55:40
                              AS OF 10-31-2007
REGNO..: 09567-007 NAME: HAMMOND, KENNETH N

FBI NO..........: 906985W7
ARS1...........: CAA/A-DES              DATE OF BIRTH: 11-14-1962
UNIT...........: E1 UNIT
DETAINERS.......: NO                    QUARTERS.....: E02-224U
                                        NOTIFICATIONS: NO
PRE-RELEASE PREPARATION DATE: 02-11-2008

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  03-20-2008 VIA PAROLE
--------------------CURRENT JUDGMENT/WARRANT NO: 020 ---------------------
COURT OF JURISDICTION...........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER...................: F4008-92B/11642-91C
JUDGE...........................: BURNETT
DATE SENTENCED/PROBATION IMPOSED: 07-13-1992
DATE WARRANT ISSUED.............: 01-29-2007
DATE WARRANT EXECUTED...........: 02-21-2007
DATE COMMITTED..................: 02-21-2007
HOW COMMITTED...................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED...............: NO
SPECIAL PAROLE TERM.............:

RESTITUTION...: PROPERTY: NO  SERVICES: NO
                                        AMOUNT:  $00.00
--------------------CURRENT OBLIGATION NO: 010 ----------------------------
OFFENSE CODE....: 605
OFF/CHG: BURGLARY II/ROBBERY/BAIL REFORM ACT 22-2901
         (PAROLE VIOLATION)

SENTENCE PROCEDURE..............: DC GTCA ADULT SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.: 15 YEARS     180 DAYS
NEW SENTENCE IMPOSED............: 1407 DAYS
BASIS FOR CHANGE................: PAROLE VIOLATOR WARRANT EXEC
DATE OF OFFENSE.................: 09-30-1991



G0002       MORE PAGES TO FOLLOW . . .
```

— 23 days

# **EXHIBIT E**

```
CAA3N   540*23 *                    SENTENCE MONITORING
PAGE 002 OF 002 *                   COMPUTATION DATA              *      10-31-2007
                                    AS OF 10-31-2007             *      12:55:40

REGNO..: 09567-007 NAME: HAMMOND, KENNETH N


-------------------------CURRENT COMPUTATION NO: 020 ------------------------

COMPUTATION 020 WAS LAST UPDATED ON 10-23-2007 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 10-26-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 020: 020 010

DATE COMPUTATION BEGAN...........: 02-21-2007
TOTAL TERM IN EFFECT.............: 1407 DAYS
TOTAL TERM IN EFFECT CONVERTED..:     3 YEARS    10 MONTHS    8 DAYS
EARLIEST DATE OF OFFENSE........: 09-30-1991

TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 0
STATUTORY GOOD TIME RATE........: 7
TOTAL SGT POSSIBLE..............: 323
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 02-08-2010
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 12-28-2010

PAROLE EFFECTIVE................: 03-20-2008
PAROLE EFF VERIFICATION DATE....: 10-22-2007
NEXT PAROLE HEARING DATE........: UNKNOWN
TYPE OF HEARING.................: UNKNOWN

PROJECTED SATISFACTION DATE.....: 03-20-2008
PROJECTED SATISFACTION METHOD...: PAROLE

REMARKS.......: RELEASE AUDIT DONE AT DSCC




G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

# EXHIBIT F

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | |
|---|---|
| Name: Hammond, Kenneth<br>Register Number: 09567-007<br>DCDC No. 202-521 | Institution:  Canaan USP |
| | Date:    October 22, 2007 |

In the case of the above-named, the Commission orders pursuant to 28 C.F.R. §2.82:

No Change in presumptive parole date of March 20, 2008 and parole effective March 20, 2008.

**With the special condition(s) as indicated below:**

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

**REASONS:**

The Commission has determined, based upon a progress report from the Bureau of Prisons, that you have substantially maintained good institutional adjustment.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C. 20001

---

Hammond 09567-007
Queued: 10-22-2007 12:12:24 BOP Canaan USP                -1-                Clerk:  OMG

G
08-0147
RJL

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

**I (a) PLAINTIFFS**

*Kenneth N. Hammond* #001

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

*PRO SE (PRO)*

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
#09567-007

**DEFENDANTS**

*U.S. Parole Commission, et al.*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
**(IN U.S. PLAINTIFF CASES ONLY)**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case: 1:08-cv-00147
Assigned To : Leon, Richard J.
Assign. Date : 1/25/2008
Description: Habeas Corpus

**II. BASIS OF JURISDICTION**

(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government
Plaintiff

☒ 2 U.S. Government
Defendant

□ 3 Federal Question
(U.S. Government Not a Party)

□ 4 Diversity
(Indicate Citizenship of Parties
in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**□ A. *Antitrust***

□ 410 Antitrust

**□ B. *Personal Injury/ Malpractice***

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

**□ C. *Administrative Agency Review***

□ 151 Medicare Act

**Social Security:**
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

**Other Statutes**
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If Administrative Agency is Involved)

**□ D. *Temporary Restraining Order/Preliminary Injunction***

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**□ E. *General Civil (Other)* OR □ F. *Pro Se General Civil***

**Real Property**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**Personal Property**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**Bankruptcy**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**Immigration**
□ 462 Naturalization Application
□ 463 Habeas Corpus- Alien Detainee
□ 465 Other Immigration Actions

**Prisoner Petitions**
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

**Property Rights**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**Federal Tax Suits**
□ 870 Taxes (US plaintiff or defendant

□ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

**Other Statutes**
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.

□ 460 Deportation
□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

O

| ☒ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☒ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 2241

---

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $** 0    Check YES only if demanded in complaint **JURY DEMAND:** ☐ YES ☒ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES ☒ NO    If yes, please complete related case form.

DATE 1/25/08    SIGNATURE OF ATTORNEY OF RECORD    NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd