**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

KENNETH N. HAMMOND        :
**Petitioner**        :
        :    **Civil Action No.  08-147 (RJL)**
**v.**        :
        :
**U.S. PAROLE COMMISSION, <u>et</u>. <u>al.</u>**    :
**Respondents**        :
_____  :

## <u>U.S. PAROLE COMMISSION'S OPPOSITION TO<br>PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS</u>

The United States Parole Commission, by and through its attorney, the United States Attorney

for the District of Columbia, hereby opposes the petitioner's petition for a writ of habeas corpus.  The

bases for the United States Parole Commission's opposition are as follows:

## <u>FACTUAL AND PROCEDURAL HISTORY</u>

Petitioner, a D.C. Code offender, was sentenced by the Superior Court of the District of

Columbia to consecutive terms of three to nine years in prison for burglary, two to six years in prison

for robbery, and 180 days in prison for violation of the Bail Reform Act.  See Exhibit A, D.C.

Department of Corrections Face Sheet.  The D.C. Board of Parole (hereinafter "Board") paroled

petitioner on April 26, 1996.  See Exhibit B, Certificate of Parole.  Petitioner's sentence was set to

expire on September 11, 2007. <u>Id.</u>  Nevertheless, on August 13, 1997, petitioner was arrested in

Maryland on charges of second-degree rape and second degree sexual assault.  See Exhibit C,

statement of alleged parole violations.  Consequently, on October 16, 1997, the Board issued a detainer

warrant for petitioner's arrest.  See Exhibit D.  On January 6, 1998, petitioner pleaded guilty in

Maryland to second degree assault, a misdemeanor.  See Exhibit E, Maryland Circuit Court Docket

Information.  Petitioner was then sentenced to a three-year term of incarceration, with all but 146 days

suspended, and to a two-year term of probation. When Petitioner was released from Maryland custody,

the Board's Parole Violator Warrant was executed. The Board then conducted a Parole Revocation

Hearing, revoked his parole for criminal and non-criminal violations, and ordered that he be reconsidered for re-parole by January 7, 2000.  See Exhibit F, Notice of Board Order. The reconsideration hearing date, or "set-off," exceeded the time prescribed by the guidelines for reconsideration hearings. Petitioner thereafter filed a pro se habeas corpus petition in which he challenged the Board's decision to exceed the guidelines.  In response to his petition, the Board "submitted a memorandum to the court conceding that it had erred in failing to provide a written explanation for its imposition of a set-off that was longer than that recommended by the guidelines, and indicated that upon dismissal of the petition, a new revocation hearing would be scheduled." Hammond v. D.C. Bd. of Parole, 756 A.2d 896, 900 (D.C. Cir. 2000).  After it had conducted a new hearing, the Board cancelled the previous disposition and issued a Notice of Board Order on September 16, 1998 in which it ordered: "Revoke parole for criminal and noncriminal violations and consider for re-parole by 01/06/2001."  See Exhibit G.

On December 10, 1998, because petitioner's parole officer was no longer employed by the Board and the Board could not confirm petitioner's "non-criminal" violations, the Board issued a Notice of Board Order in which it directed: "Cancel the disposition dated 09/16/1998 for correction of disposition."  See Exhibits H & I.  On the same day, the Board issued a Notice of Board Order in which it omitted the reference to noncriminal violations and ordered: "Revoke parole for criminal violation(s); consider for re-parole by 01/06/2001."  See Exhibit J.

Because the Board's new decision in 1998 gave petitioner an even longer set-off above his guidelines than the earlier decision, petitioner appealed the dismissal of his habeas corpus petition. On July 17, 2000, the D.C. Court of Appeals found a presumption of vindictiveness, held that the Board had failed to rebut the presumption, and remanded the case to the district court with instructions to order the Board to "vacate [petitioner's] set-off date and hold a parole reconsideration hearing forthwith." Hammond, 756 A.2d at 901.

On August 4, 2000, pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. 100-33 (hereinafter "Revitalization Act"), the Board transferred

petitioner's case to the U.S. Parole Commission (hereinafter "Commission").  See Exhibit K and generally D.C. Code § 24-131. On August 9, 2000, in compliance with the court's order, the Commission issued a Notice of Action in which it ordered: "Reopen and schedule for a reconsideration hearing to be conducted <u>nunc pro tunc</u> for January 7, 2000, to determine subject's suitability for re-parole pursuant to 28 C.F.R. § 2.81."  See Exhibit L, Notice of Action. The reasons for the Commission's decision were:

> Court order in D.C. Court of Appeals Case Number 99-SP-83 - At your hearing, the Commission will establish appropriate re-parole guidelines based upon your Maryland criminal behavior, in keeping with the revocation findings of the D.C. Board of Parole. The Commission will determine the specifics of that behavior from the available evidence (including the pertinent arrest report) and will consider such additional information as you wish to present. Based on this hearing, the Commission will make a re-parole determination.

See Exhibit L.

The Commission conducted a reconsideration hearing on August 23, 2000, at Sussex II State Prison in Jarret, Virginia, where petitioner was then incarcerated. See Exhibits M (Pre-Hearing Assessment) and N (Summary of the Hearing).  At the hearing, the Commission found by a preponderance of evidence that petitioner had raped the victim. See Exhibit N at 1 and 3. .

On September 26, 2000, the Commission issued a Notice of Action in which it ordered: "Deny parole.  Continue to expiration."  See Exhibit O.  The Commission rated petitioner's parole revocation behavior as Category Seven severity, because it involved rape.  His salient factor score was calculated as three and his resulting re-parole guidelines were a range of 100-148 months.  No deviation from those guidelines was found to be warranted.  See Exhibit O at 1.

On November 1, 2001, petitioner filed a petition for writ of habeas corpus in the District of Columbia, challenging the Commission's decision.  <u>See</u> Exhibit P.  In his petition, petitioner argued, among other things, that the Commission had violated the <u>Ex Post Facto</u> Clause of the U.S. Constitution in applying its re-parole guidelines for D.C. Code offenders to him. <u>Id</u>.  The U.S. District Court for the District of Columbia subsequently transferred the petition to the Eastern District of Virginia, which heard the petition on the merits. <u>See</u> <u>Hammond v. Garraghty</u>, no. 02-864-AM, attached as Exhibit Q at 2.  On

3

March 28, 2003, the Court dismissed the petition. Id. at 11.

Petitioner subsequently received an interim hearing to determine whether any new and significant issues had arisen in his case. Following this hearing, the Commission ordered no change to its earlier decision to have petitioner's term run till its expiration. See Exhibit R.

On May 21, 2003, petitioner filed a petition for writ of habeas corpus in the Southern District of Indiana, arguing that the application of the Commission's re-parole guidelines for D.C. Code offenders to him was a violation of the Commission's regulations and the Ex Post Facto Clause of the Constitution. See Exhibit S. On February 5, 2004, the District Court dismissed the petition as an abuse of the writ and, as an alternative basis, adopted the same conclusions as did the District Court in Hammond v. Garraghty, no. 02-864-AM. See Hammond v. Olson, 03-cv-753-DFH-TAB, attached as Exhibit T.

Petitioner was released on July 12, 2005. See Exhibit U, certificate of mandatory parole. The full-term, expiration date on petitioner's aggregate 15½ year sentence was May 19, 2009. Id.. On January 29, 2007, the Commission issued a warrant for petitioner. See Exhibit V. The Commission charged petitioner with violating the conditions of his release by using drugs, and failing to submit to drug testing. Id. at 2-3, Warrant Application. On February 21, 2007, the U.S. Marshals returned petitioner to custody by executing the Commission's warrant. See Exhibit V at 2. On April 23, 2007, petitioner accepted an expedited revocation proposal to revoke his parole, forfeit all of the time he spent on parole, and grant re-parole after the service of 13 months.[1] See Exhibit W, Response to Expedited Revocation Proposal; 28 C.F.R. § 2.66. By petitioner's acceptance of this offer, he accepted responsibility for his violations, waived his right to a revocation hearing and to appeal the decision, and consented to the sanction proposed by the Commission. Id.. On August 14, 2007, the Commission issued its decision, which corresponds with the proposal signed by petitioner. See Exhibit X. On March 20, 2008, petitioner was released on parole. See Exhibit Y. His sentence expires on December 28, 2010.

---

[1] Under the "expedited revocation procedure," the releasee agrees to the revocation of his parole, without a hearing, and dispositions concerning the appropriate prison term for the violation.

## CLAIMS PRESENTED

Petitioner complains that, because he is a D.C. Code prisoner, he does not have a right to appeal the Commission's decision. Petitioner also challenges the forfeiture of the time that he spent on parole, arguing that the time that he spent on parole should be considered time in custody towards the service of his sentence. The Commission disagrees.

## ARGUMENT

### I.  PETITIONER HAS NO RIGHT TO AN ADMINISTRATIVE APPEAL OF THE COMMISSION'S DECISION.

Petitioner complains that the Commission's procedures do not provide the right to appeal the Commission's decision, claiming that this violates his due process rights. It is well settled that there is no due process right to appeal a parole decision. See Kellogg v. Shoemaker, 927 F. Supp. 244, 245 n.1 (S.D. Ohio 1996) (concluding that appeal process, in the parole context, is not required by due process); Ortwein v. Schwab, 410 U.S. 656, 660 (1973) ("This Court has long recognized that, even in criminal cases, due process does not require a state to provide an appellate process"). Therefore, petitioner's constitutional rights have not been abridged simply because he was not entitled to appeal the Commission's decision following the hearing.

Federal prisoners have a statutory right to appeal the Commission's parole determinations under 18 U. S. C. § 4215 (1976). However, District of Columbia law does not require an administrative appeal. See D.C. Code §§ 24-404-407. Thus, there is no statutory right to appeal the Commission's decision. The Parole Commission's regulation 28 C.F.R. § 2.105(g) permits an administrative appeal of the Commission's parole revocation decisions for D.C. Code offenders, but because petitioner agreed to an "expedited revocation" decision, he agreed to waive his right to appeal the Commission's decision. See Exhibit W. Accordingly, petitioner is entitled to no relief.

## II.    THE TIME THAT PETITIONER HAS SPENT ON PAROLE HAS BEEN LAWFULLY FORFEITED UNDER DISTRICT OF COLUMBIA LAW.

### A.    Street time forfeiture is automatic under D.C. Code § 24-406.

D.C. Code § 24-406(a), formerly § 24-206(a), provides that if parole is revoked, the prisoner receives no credit towards his sentence for the time he spent on parole supervision.  The law is well settled that, upon revocation of parole, none of the time that a prisoner has previously spent on parole in the past can be credited to the service of his sentence and that street time is properly forfeited.  See D.C. Code § 24-406(a);  United States Parole Comm'n v. Noble, 693 A.2d 1084, 1085 (D.C.1997), op. adopted, 711 A.2d 85 (D.C.1998) (en banc) (D.C. Code § 24-406 requires automatic forfeiture of street time after revocation of parole); see also Jones v. Bureau of Prisons, 2002 WL 31189792 (D.C. Cir. 2002) (appellant cannot receive credit for "street time" after his parole is revoked); Mills v. U.S. Parole Comm'n., 2006 WL 270262, *3 (D.D.C. February 2, 2006) (same);  Redrick v. Williamson, 2005 WL 1155041, *3 (M.D. Pa. May 4, 2005) (D.C. offenders cannot receive credit for "street time" after parole is revoked);  McRae v. D.C. Parole Board, 2002 WL 32388337, *2 (E.D.Va May 13, 2002) (same).  Thus, the time that petitioner had spent on parole was correctly forfeited when the Board revoked his parole in 1998, and again when the Commission revoked his parole in 2007.  These forfeiture orders have extended petitioner's full term date from September 11, 2007, until December 28, 2010.  Although the loss of the time petitioner spent on parole has extended the expiration date of his sentence, it has not increased the amount of time that he will cumulatively serve in prison.  He will not be imprisoned for more time than the maximum aggregate 15½ -year sentence imposed by D.C. Superior Court.

### B.    Petitioner's claim that the time spent on parole is the equivalent to time served in custody is without merit.

Petitioner further argues that the time he spent on parole supervision must be equated with time in custody, and thus, that he should receive credit for this time towards the service of the balance of his sentence.  Petitioner's argument has no basis in law.

6

Once a prisoner is released on parole, he is essentially serving the remainder of his sentence in the community. If a parolee successfully completes parole supervision, the time spent in the community is credited towards completion of that sentence. However, because petitioner violated the conditions of his parole release, he is subject to revocation of his parole and, as a D.C. Code offender, he is not entitled to credit for the time spent on parole. See D.C. Code § 24-406(a). When his parole is revoked, the remainder of petitioner's original sentence is considered a "new sentence" for sentence computation purposes and the time spent on parole "shall not be taken into account to diminish the time for which he was sentenced." See D.C. Code § 24-406(a); Hall v. Welch, 185 F.2d 522, 527 (4th Cir. 1950) (Constitution is not violated when the expiration of the sentence has been extended beyond the date when it would have originally expired); Moore v. Smith, 412 F.2d 720, 725 (7th Cir. 1969).

Petitioner will receive credit towards the service of his sentence for time spent in custody. In this context, "in custody" means detention or imprisonment, not conditions or stipulations to which a parolee is subject. See U.S. v. Insley, 927 F.2d 185, 186 (4th Cir. 1991) (Conditions of release are not custody); Andenberg v. Martin, 679 F.Supp. 1034, 1036 (W.D. Okla. 1987)(Parolee residing in community correctional center as a condition of parole is not "in custody" because he is not subject to both a severe restraint on liberty and the punishment of incarceration).[2]

**C.    Petitioner's challenge to the Commission's 2007 revocation and forfeiture order is barred by his acceptance of the Commission's expedited parole revocation offer.**

Furthermore, petitioner's challenge to the Commission's 2007 revocation and forfeiture order is barred by his waiver of his right to contest the revocation of his parole when he accepted the Commission's expedited offer. See Exhibit W. Petitioner is thus in the position of a litigant who challenges agency action after having consented to the agency taking that action, through his voluntary

---

[2] Petitioner's reliance on 18 U.S.C. § 4210 and 28 C.F.R.§ 2.52(c) is misplaced, because the statute and corresponding regulation only apply to offenders sentenced under the U.S. Code. Petitioner was sentenced under District of Columbia law. Therefore, D.C. Code § 24-406(a) governs his case. See Muhammad v. Mendez, 200 F. Supp. 2d 466, 470 (M.D. Pa. 2002) (D.C., not Federal, law applies to D.C. Code prisoners who fall within the Commission's paroling jurisdiction).

waiver of his right to a hearing wherein he would have had a right to contest the agency's action. Such a challenge is simply not permissible. In <u>Wainwright v. Sykes</u>, 433 U. S. 72 (1977), the Supreme Court held that, absent a showing of cause and prejudice, federal habeas review is barred when a state prisoner waives his objection to the admission of his confession at trial. The basic principle is that before a prisoner may seek federal habeas relief, he must first present his claim to the forum initially available. This principle has been frequently applied to prisoners who have waived (or defaulted upon) their administrative remedies with regard to prison and parole issues. <u>See</u> <u>Sanchez v. Miller</u>, 792 F. 2d 694, 696-699 (7th Cir. 1986); <u>Francis v. Rison</u>, 894 F. 2d 353, 354-55 (9th Cir. 1990); <u>Moscato v. Federal Bureau of Prisons</u>, 98 F. 3d 757, 761 (3rd Cir. 1996).

The purpose of the doctrine requiring exhaustion of administrative remedies is to conserve judicial resources by ensuring that all possible grounds for resolving controversies have been presented to the agency before the aggrieved individual goes to court. <u>See</u> <u>McKart v. United States</u>, 395 U. S. 185, 194-95 (1969). In <u>Morrissey v. Brewer</u>, 408 U. S. 471, 488 (1972), the Supreme Court held that a parole revocation hearing is the parolee's ". . . opportunity to be heard and to show, if he can, that he did not violate the condition, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation."  Thus, regardless of whether petitioner's claims had any chance of success before the Commission, petitioner was still obliged to contest revocation on any ground he could have argued if he wished to retain the right to take the Commission to court afterwards.  Instead, petitioner waived his right to a revocation hearing in 2007, and, in effect, settled his case with the Commission. A habeas petitioner cannot consent to a revocation order that results in the forfeiture of the time he spent on parole and then challenge the lawfulness of that order on a writ of habeas corpus under 28 U.S.C. § 2241.

Finally, although habeas petitioners, who have procedurally defaulted on their administrative remedies, must normally be given the opportunity to make a showing of "cause and prejudice" before their petitions can be dismissed, a summary dismissal may be ordered when the record shows that the prisoner "cannot show cause."  <u>See</u> <u>Moscato</u>, 98 F. 3d at 762.  In this case, where petitioner was fully

advised of his procedural rights and consented to the revocation of his parole and the forfeiture of the time he spent on parole without a hearing to argue his case, he is clearly not in a position to make a showing of "cause and prejudice." See Exhibit W.

Accordingly, petitioner's challenge to the Commission's forfeiture of his street time must be dismissed on the ground of petitioner's acceptance of the Commission's expedited offer, which resulted in the revocation of his parole, the forfeiture of the time he had spent on parole, and the waiver of his administrative remedies.

## <u>CONCLUSION</u>

WHEREFORE, for all of the above reasons, petitioner's petition for a writ of habeas corpus should be summarily denied.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney


_____/s/_____
JOHN P. MANNARINO,
D.C. Bar No. 444384
Chief, Special Proceedings Division



_____/s/_____
Timothy W. Lucas
Assistant United States Attorney
555 4th Street, N.W.,  Room 10-443
Washington, DC 20530
(202) 305-1845
 Email: timothy.w.lucas@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

 I HEREBY CERTIFY that a copy of the foregoing opposition has been served via U.S. mail upon petitioner, Kenneth N. Hammond, at 9302 Piney Branch Road, #202, Silver Spring, MD 20903, this the ___ day of May, 2008.

          /s/
          Timothy W. Lucas
          Assistant United States Attorney

# UNITED STATES PAROLE COMMISSION

## <u>CERTIFICATE</u>

I, Helen H. Krapels, Assistant General Counsel in the Office of General Counsel for the

United States Parole Commission, with offices at 5550 Friendship Boulevard, Chevy Chase,

Maryland 20815, hereby certify that the attached exhibits are true copies of documents found in

the U.S. Parole Commission's file pertaining to Hammond, Kenneth Federal Register Number

09567-007.

IN WITNESS WHEREOF, I have signed this 21st day of May, 2008, and affixed the seal

of the U.S. Parole Commission.



HELEN H. KRAPELS
Assistant General Counsel
U.S. Parole Commission

**DISTRICT OF COLUMBIA**
**DEPARTMENT OF CORRECTIONS**
**FACE SHEET No. 2**

Date Prepared (Mo., Da., Yr.): 2 04 0893

| | | |
|---|---|---|
| DC Number: 202521 | Name (Last, First, Middle): HAMMOND KENNETH | Race: B  Sex: M |

| Height | Weight | Build | Eyes | Hair | Age | Birth Date: 11-14-62 | Place of Birth |
|---|---|---|---|---|---|---|---|

| | | | |
|---|---|---|---|
| Offense | ROBB | BURG II | BRA |
| Case Number | F4008-92B | F11642-91C | F13413-91C |
| Sentence (Yr., Mos., Days) | 3 - 9 years | 2 - 6 years (cons) | 180 Days (cons) |
| Nervous (Assessed) / Sentence Begins (Mo., Da., Yr.) | 7-13-92 | 7-17-92 | 7-17-92 |
| Full Term Date (Mo., Da., Yr.) | 9-11-2007 | | |
| Short Term / M.E. Date (Mo., Da., Yr.) | 6-28-02 * 10-25-02 ) EGT | | |
| Parole Eligibility Date (Mo., Da., Yr.) | 11-30-95 11-27-95 * | | |
| Min. Supervision Date (Mo., Da., Yr.) | | | N/A |
| Statutory Good Time Rate / Month | | | 496/1860 |
| Plea | Guilty | Guilty | Guilty |
| Committing Judge | | | |
| Defense Attorney | | | |
| Compiled By: | | | |

**DETAINERS**

| Date Filed | For | Action |
|---|---|---|
| | | |
| | | |

**CONDUCT CREDITS**

| Date | Credits | Forfeit | Restore | Balance |
|---|---|---|---|---|
| 4-7-93 | 35 days | EGT | | |
| 5-16-94 | 3 days | ETAP | | |

**JAIL CREDIT DATES**

| From and Including | To and Including | |
|---|---|---|
| 11-13-91 | 12-11-91 | = 29 |
| 4-14-92 | 07-12-92 | = 90 |
| | Total = | 119 |

**REMARKS**

Void Face Sheet dated 7-14-92

YELLOW COPY TO ASP

EXHIBIT A

PB-16
(Revised 10/81)

DC BOARD OF PAROLE
OFC OF PLANNING & INFO

96 MAY -1 PM 4:28

04-30-96

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
## CERTIFICATE OF PAROLE

### ADULT

AP# 17038-96

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

_Hammond, Kenneth_ _____ D.C.D.C. _202-521_ is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will

remain at liberty without violating the law and that the release of the individual to supervision

is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-

named be PAROLED on __April 26,__ , 19 _96_, and that said person remain under

supervision within the limits of the __Washington, Metro Area__ (including the District of

Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax

Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia)

until __September 11,__ _2007_ ; unless or until other action is taken by the District

of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide

by and comply with all of the conditions of parole as shown on the reverse side of this

CERTIFICATE.

Given under the hands and seal of the BOARD this _____26_____ day

of _____ 19 _96_

A TRUE COPY
TEST

_Michael Green_

Director. Michael Green
Parole Determination

The above-named was released on

the _26TH_ day of _APRIL_ , 19 _96_

FOR: _Michele Jones Colay_
JOHN S. HENDERSON
Administrator

_Margaret Quick_

EXHIBIT
B

 

### STATEMENT OF THE CONDITIONS UNDER WHICH YOUR PAROLE IS GRANTED:

1. I will report immediately upon my release to _____Mr. Sutton_____    301 "C" St., N.W.,
   Department of Corrections, Room __2nd Fl.__, for my final instructions.  (202) 727-5199
   2002

2. I will not go outside the parole limits fixed in the Certificate of Parole without first obtaining the approval of my Parole Officer.

3. I will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed or used.

4. I will not illegally possess, use, sell, or purchase any narcotic drug, controlled dangerous substance or related paraphernalia. Nor will I frequent or visit places where any narcotic drug, controlled substance or related paraphernalia is illegally sold, dispensed, used or given away.

5. I will not own, possess, use, sell or have under my control any deadly weapon or firearms.

6. I will make diligent efforts to find and maintain legitimate employment and will support myself and legal dependents to the best of my ability.

7. I will keep my Parole Officer informed at all times as to where I reside and work; and, in the event that I lose my employment or change my place of residence, I will immediately notify my Parole Officer.

8. I will not enter into any agreement to act as an informer or special agent for any law enforcement agency.

9. I will obey all laws and will personally report to my Parole Officer, at my earliest opportunity, any arrest or other involvement with law enforcement authorities.

10. I will cooperate fully with the Board and those responsible for my supervision. I will carry out the instructions of my Parole Officer and report as directed, knowing that failure to do so may, at the discretion of the Board of Parole, be sufficient to cause my return to the institution.

    SPECIAL CONDITION(S): Narcotics Surveillance, Outpatient Drug Program, Alcohol Abstinence.

I have read or had read to me the conditions of my release and understand that my failure to comply with any one of them may be considered a violation of my release for which I am subject to be returned as a violator. I hereby agree to abide by and comply with all of the conditions of parole as stated above.

| | | |
|---|---|---|
| Signature of Parolee | D.C.D.C. | Date |

| | | |
|---|---|---|
| Signature of Witness | Title | Date |

 ★ ★ ★                                               ★ ★ ★

GOVERNMENT OF THE DISTRICT OF COLUMBIA
PAROLE SUPERVISION SERVICES DIVISION
DISTRICT OF COLUMBIA BOARD OF PAROLE
300 INDIANA AVENUE N.W., 2ND FLOOR
WASHINGTON, DC 20001

September 16, 1997

## STATEMENT OF ALLEGED PAROLE VIOLATION(S)

PAROLEE: HAMMOND, KENNETH NORMAN          DCDC# 202-521

ALIAS (ES) "Doye, Kenneth Norman"/"Face"/    PDID# 300-494

   "Kenny"/"Hammond, Kenneth Norwell"/     FBI# 906985W7

LAST KNOWN ADDRESS:620 46th Place,Apt.#21   DOB:11/14/62

          Washington, D.C. 20019    RACE: Black   SEX Male

HGT: 5'5"  WGT: 175  EYES:Brown   HAIR:Dark  COMPLEXION:Black

IDENTIFYING SCARS/MARK: none

SENTENCE TYPE:XADULT __YRA __FYCA   __YRA&ADULT __FYCA& ADULT

   ___SUBJECT IS AT LARGE   X SUBJECT IS CONFINED IN  Mont. Cty.Jail

PAROLE OFFICER: NKEMDIRIM UKAIRO          PAROLE UNIT: GSU  3

The parolee identified above is alleged to have committed the
following violation(s) of parole:

1.   Subject failed to obey all laws by his rearrest on 8/13/97
     and charged with two counts of a Rape and Sexual Offense,
     case#4D00049711-Mont. Cty. Police. (2 counts, code 0901)

2.   Subject failed to report arrest to Parole Officer by his
     rearrest on 8/13/97 and charged with two counts of a Rape
     and Sexual Offense, case#4D00049711-Mont. Cty. Police.
     (code 0902)


EXHIBIT

HAMMOND, KENNETH NORMAN
DCDC#202-521

3.   Subject failed to report as directed. During office visit on
     12/9/96, subject was instructed to report on 2/10/97, he
     failed to report as directed. A letter was sent on 2/11/97
     for him to report on 2/24/97, subject failed to report as
     directed. (2 counts, code 1004)

4.   Subject failed to comply with his special condition -
     NonCompliance: OutPatient Drug Program. Subject did not
     report at APRA on 4/30/96 after he was directed by this P.O.
     on referral. A telephone conversation to the facility on
     9/15/97 by this P.O. also revealed that subject never
     returned his referral papers to the APRA office. (code 9951)

5.   Subject failed to comply with his special condition -
     NonCompliance: Alcohol Abstinence. Subject was rearrested on
     8/13/97 and charged with a Rape and Sexual Offense. He was
     found drunk at the scene of crime on the day of arrest.
     (code 9953)



# The Board of Parole
## of the
### District of Columbia



## NOTICE OF BOARD ORDER    **EXPEDITE**

Order # 1 of 1

In reference to:

DCDC  202-521                    **NAME**  KENNETH N HAMMOND

DOB  11/14/1962                  **SSN**  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    **LOCATION**  ADULT PAROLE

**DOCKET**  D9710-0046           **CONSIDERATION TYPE**  N:RAV

The District of Columbia Board of Parole issues the following **ORDER:**

**ISSUE A DETAINER WARRANT BASED ON ALLEGATIONS OF CRIMINAL AND NONCRIMINAL VIOLATIONS OF PAROLE**

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:

FAILED TO OBEY ALL LAWS
FAILED TO REPORT ARREST TO PO
FAILED TO REPORT AS DIRECTED
NONCOMPLIANCE: OUTPAT DRUG PROG
NONCOMPLIANCE: ALCOHOL ABSTINENCE

10/16/1997
_____
Date

Seal

Chairman
on behalf of the Board of Parole

NCA Date 10/17/97  by _____

FH
10/17/97

[ Parole Determination File ]
UKAIRO, D

**EXHIBIT**


CRIMINAL CIRCUIT CT #80701   DISTRICT #4D00049711 AS OF 01/3?/?8 14:17 CONT'D.
    STATE OF MARYLAND   VS.   KENNETH NORMAN HAMMOND
---------------------------------------------------------------------------
                    D O C K E T   I N F O R M A T I O N           CONT'D.

01/06/98 #41                                           GD 01/08/98
        DEFENDANT ADVISED OF RIGHTS PURSUANT TO RULE 4-342 AND RIGHTS FORM,
        FILED.
        JUDGE: M MASON
        TYPE: DOCKET

01/06/98 #40                                           GD 01/08/98
        DEFENDANT WAS ASKED IF HE HAD ANYTHING TO SAY BEFORE SENTENCING.
        COURT (MASON, J.) SENTENCES DEFENDANT TO THREE (3) YEARS INCARCERATION
        SUSPENDS ALL BUT 146 DAYS TO BE SERVED AT THE MONTGOMERY COUNTY
        DEPARTMENT OF CORRECTIONS AND REHABILITATION, WITH CREDIT FOR 146 DAYS
        TIME SERVED, SUSPENDS BALANCE OF SENTENCE.  DEFENDANT PLACED ON TWO
        (2) YEARS UNSUPERVISED PROBATION, SUBJECT TO ALL TERMS AND SPECIAL
        CONDITIONS OF THE PROBATION CONTRACT.  COURT COST WAIVED.   STATE
        ENTERS A NOLLE PROS TO THE REMAINING COUNT OF THE INDICTMENT.
        JUDGE: M MASON
        TYPE: DOCKET

Enter a new menu selection or press return to continue [ ]

EXHIBIT
E




★★★

# *The Board of Parole*
## *of the*
## *District of Columbia*

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 202-521              **NAME** KENNETH N HAMMOND

**DOB** 11/14/1962          **SSN** 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    **LOCATION** OCCOQUAN FACILT

**DOCKET** H9802-0025      **CONSIDERATION TYPE** H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

REVOKE PAROLE FOR CRIMINAL AND NONCRIMINAL VIOLATIONS;
CONSIDER FOR REPAROLE BY 01/07/2000

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

COMMUNIC/CONFLICT RESOLU

**ANGER MANAGEMENT**

Remarks:

FAILED TO OBEY ALL LAWS
FAILED TO REPORT ARREST TO PO
FAILED TO REPORT AS DIRECTED
NONCOMPLIANCE: OUTPAT DRUG PROG

_Margaret Quick_ - 1

02/25/1998
_____
Date
                              _____
                                    Chairman
                      on behalf of the Board of Parole

                              Seal

NOA Date 3/9/98  by _MD____          [ Parole Determination File ]
                                      UKAIRO, D

FH
2/27/98                               EXHIBIT
                                      F

 

# The Board of Parole
## of the
## District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 2

In reference to:

**DCDC** 202-521     **NAME** KENNETH N HAMMOND

**DOB** 11/14/1962     **SSN** 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     **LOCATION** CTF

**DOCKET** H9808-0083     **CONSIDERATION TYPE** H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

    CANCEL THE DISPOSITION DATED 02/25/1998 BASED ON SPECIAL
RECONSIDERATION BY THE BOARD

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:

09/16/1998
_____

Date

*Margaret Quick* - 1

Chairman
on behalf of the Board of Parole

Seal

**A TRUE COPY**
TEST

*Michael Green*

Director, Michael Green
Parole Determination
D.C. Board of Parole

[ Suspense ]
UKAIRO, D

**EXHIBIT**
6

 

# Board of Parole
### of the
## District of Columbia

## NOTICE OF BOARD ORDER

Order # 2 of 2

In reference to:

**DCDC** 202-521

**DOB**  11/14/1962

**DOCKET** H9808-0083

**NAME** KENNETH N HAMMOND

**SSN** 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    **LOCATION** CTF

**CONSIDERATION TYPE** H:REVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

REVOKE PAROLE FOR CRIMINAL AND NONCRIMINAL VIOLATIONS;
CONSIDER FOR REPAROLE BY 01/06/2001

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

COMMUNIC/CONFLICT RESOLU

Remarks:

FAILED TO OBEY ALL LAWS
FAILED TO REPORT AS DIRECTED

09/16/1998
_____
Date

*Margaret Quick* - **1**
_____
Chairman
on behalf of the Board of Parole

Seal

A TRUE COPY
TEST

*Michael Green*

Director, Michael Green
Parole Determination
D.C. Board of Parole

[ Suspense ]
UKAIRO, D

DISTRICT OF COLUMBIA BOARD OF PAROLE
PAROLE DETERMINATION RECORD
POST-RELEASE
NONHEARING DETERMINATION RECORD

**EXPEDITE**  **EXPEDITE**

RE: <u>HAMMOND, Kenneth</u>           <u>202-521</u>        <u>300-494</u>
    Subject's Name              DCDC#            PDID#

BIRTHDATE: <u>  11/14/62  </u>          BOP DOCKET # <u> D9812-</u>

DATE LAST RELEASED ON PAROLE: <u> 4/26/96  </u>

ANALYST: <u>    GBG    </u>           PREPARED: <u>December 10, 1998</u>

OFFENDER STATUS:   ☐ Youth Act   ☒ Adult

TYPE OF CONSIDERATION: <u>    Amend Action    </u>        CODE: <u> 72 </u>

LAST BOARD ACTION, DATED <u> 9/16/98 </u>  : <u> Revoke Parole for CNC</u>

<u>violations; Consider for Reparole by 01/06/2001</u>

_____

REASON FOR LAST BOARD ACTION: <u> Subject had violated conditions of</u>

<u>parole.</u>

_____

_____

_____

PAROLE OFFICER: <u>     N/A     </u>     REPORT DATE: <u>   N/A   </u>

PAROLE OFFICER'S RECOMMENDATION: <u>          N/A</u>

_____

_____

_____

_____

_____

### POST HEARING QUALITY ASSURANCE

ANALYST:_____          DATE:_____

PDS.205 11/16/94             1             

RE:  HAMMOND, Kenn⬤_____  .  _____     202-5⬤____     300-494___
        Subject's Name                    DCDC#            PDID#

LAST FACE SHEET UPDATE:          WALES (12/10/98)

DATES SENTENCES BEGAN:     _____  7/13/92; 7/17/92 _____

FULL TERM DATE:              _____  5/23/2009 _____

MANDATORY RELEASE DATE:        ____  8/27/2005 _____

APPLICABLE GUIDELINES:_____  N/A _____

_____

FACTS OF OFFENSES ON WHICH CURRENT SENTENCE IS BASED:_____

Rob (F4008-92B) 3-9 yrs; Burg II (F11642-91C) 2-6 yrs; BRA

(F13413-91C) 180 days _____

_____

ANALYSIS: When subject appeared for his revocation hearing on

9/16/98, the Board sustained allegations for #0901-arrest and

charge for Rape and Sexual Offense in Montgomery County, MD.; and

#1004-failure to report on 2/10/97 as directed.  Because

subject's parole officer is no longer employed by the Board and

the technical violation cannot be confirmed, it is recommended

that the Board makes "No Finding" on allegation "1004-Failure to

report as directed on 2/10/97.  As regards allegation #0901-

Failure to obey all laws.   Subject was arrested and charged with

Rape and Sexual Offense in Montgomery County, Md. in Case

#4D000049711.  Mr. Hammond received 3 yrs. suspended all but 146

days with 2 yrs. probation on 1/6/98.  This analyst recommends

cancel disposition dated 9/16/98 for correction of disposition.

Revoke Parole for Criminal Violations; Consider for Reparole by

01/06/2001. _____

_____

PDS.205 11/16/94              2

RE: HAMMOND, Kenn████████     .          202-5████     300-494
     Subject's Name                 DCDC#              PDID#

BOARD MEMBERS' COMMENTS: _____
_____
_____
_____
_____
_____

ANALYST'S RECOMMENDED DISPOSITION: (1) Cancel Disp dated 9/16/98

for Correction of Disp  (2) Revoke parole for Criminal Violation;

Consider for Reparole by 01/06/2001 _____

_____

    Disposition Codes: (1)   CL-0X-43     (2)  RK-01-71

SPECIAL INSTRUCTIONS/CONDITIONS:

    Code: 27           CCRP _____

    Code: 10      *C+P Program* _____

    Others: _____

    Disposition is Inside Guidelines   ☐ Yes      ☐ No   NA-PV
    Setoff is Inside Guidelines        ☐ Yes      X No

COUNTERVAILING FACTOR CODES: 62    65      67      _____

STAFF FOLLOWUP ACTIONS: _____
_____
_____

CONCURRENCE:  Based on examination of the relevant information in this case,
the Board concurs with the disposition recommended by the Analyst, and hereby
orders the issuance of the appropriate implementing documents.

Board Member: *Margaret Quick*          Date: 12/10/98

Board Member: _____          Date: 12-10-98

Board Member: _____          Date: _____

NONCONCURRENCE--See Attached Form BOP.902

PDS.205 11/16/94                3

RE: <u>HAMMOND, Kenn█ █</u>       <u>202-█ █</u>      <u>300-494</u>
        Subject's Name                DCDC#           PIDID#

☐  Margaret Quick    ☐  Polly Nelson      ☐  Michael Green

 

# The Board of Parole
## *of the*
## District of Columbia

## NOTICE OF BOARD ORDER

Order # 1 of 2

In reference to:

**DCDC** 202-521                    **NAME** KENNETH N HAMMOND

**DOB**   11/14/1962              **SSN** 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          **LOCATION** CTF

**DOCKET** D9812-0033          **CONSIDERATION TYPE** N:AMEND ACTION

The District of Columbia Board of Parole issues the following **ORDER:**

CANCEL THE DISPOSITION DATED 09/16/1998 FOR CORRECTION
OF DISPOSITION

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:

12/10/1998
_____
Date

_Margaret Quick_ - 1
_____
Chairman
on behalf of the Board of Parole

Seal
A TRUE COPY
TEST

_Michael Green_

Director, Michael Green
Parole Determination
D.C. Board of Parole

[ Suspense ]

**EXHIBIT**



# The Board of Parole
## *of the*
## District of Columbia



## NOTICE OF BOARD ORDER

Order # 2 of 2

In reference to:

**DCDC** 202-521                    **NAME** KENNETH N HAMMOND

**DOB** 11/14/1962                  **SSN** 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          **LOCATION** CTF

**DOCKET** D9812-0033               **CONSIDERATION TYPE** N:AMEND ACTION

The District of Columbia Board of Parole issues the following **ORDER:**

REVOKE PAROLE FOR CRIMINAL VIOLATION(S); CONSIDER
FOR REPAROLE BY 01/06/2001

Implementation of this Order shall include the following:
Special Instructions for Reconsideration

COMMUNIC/CONFLICT RESOLU
ADHERE TO C&P PROG RECOMM

Remarks:

FAILED TO OBEY ALL LAWS
FAILED TO REPORT AS DIRECTED

_Margaret Quick_ - 1

12/10/1998
_____                  _____
Date                             Chairman
                                 on behalf of the Board of Parole

Seal                             [ Suspense ]

A TRUE COPY

Director Michael Green
Parole Determination
D.C. Board of Parole

**EXHIBIT**

RE: _Hammond Kenneth_  DCDC# _202-521_  Board Order Date: _9-16-98_

Code #          Reasons for the Board's Decision are Circled Below:

20   As Recommended by Point Assignment Grid Score of: _____

(30) Set-off is Outside Parole Guidelines Recommendation Due to Countervailing Factors

21   Exceptional Program or Work Assignment Achievement
   Successful completion of appropriate educational or vocational programs or program levels which increased the likelihood the offender will remain crime-free in the community, OR exceptional and sustained performance in one or more work details which increased the likelihood the offender will remain crime-free in the community, OR maximum effort to participate in appropriate programs, but opportunities for programming were not available, and offender's programming needs can be met in the community.

22   Record of Nonviolent Offenses
   criminal convictions have not involved injury or threat of injury to others

23   Substantial Crime-Free Period
   in the 5 years prior to committing instant offense, subject was not committed for more than 30 days on any offense, AND     offender has otherwise demonstrated an ability to remain crime-free in the future

24   Substantial Previous Period in Custody on Other Sentences or Additional Committed Sentences
   offender has demonstrated during this continuous period in custody, which included or will include other sentences, that he or she is ready to be paroled to the community or to his or her consecutive sentence

25   Substantial Cooperation with the Government
   documented special or unusual assistance to DCDC or another government agency which made an exceptional contribution to the health, welfare, or safety of persons or property

29   Availability of Community Resources Leading to Better Parole Prognosis
   an opening or opportunity for offender to participate in a program, service or other accommodation in the community, AND     that will meet the offender's identified needs and lead to reduced risk to the community or another person

28   Poor Medical Prognosis
   terminally ill or sufficiently debilitated so that the likelihood of repeated criminal involvement or risk to the community or other person is minimal

26   Other Changes in Circumstances
   capabilities or characteristics of offender have changed in ways that minimize the likelihood of repeated criminal involvement, or risk to the community or other person

61   Prior Failure Under Community Supervision
   offender's prior negative conduct while under community supervision is likely to be repeated if again released to the community

69   Ongoing or Repetitive Criminal Behavior
   failure to remain free of criminal activity over sustained periods of time, OR instant offense is similar to a prior offense and is likely to be repeated

(62) Prior Record of Violent Behavior
   prior record of violent behavior that creates an unacceptable risk to public safety

63   Instant Offense Involved Unusual Cruelty to Victims
   physical, mental, or emotional abuse beyond the degree needed to sustain a conviction on the instant offense, OR especially vulnerable victims (for example, children or elderly persons victimized by assaultive, exploitive, or fraudulent behavior)

64   Serious Negative Institutional Behavior
   documented criminal conduct or breach of institutional rules, the severity, frequency, or recent occurrence of which indicates that subject is not ready to remain crime-free in the community

(65) Opportunity but Little Effort to Engage in Productive Programming or Work
   an opportunity for productive programming or work was made available by the Department of Corrections, parole officer, or other agency or employer, AND offender was able but failed to make appropriate use of that opportunity

66   Absence of Community Resources Which Ensure Safety of the Community
   unavailability of necessary services to support offender's personal or community adjustment, and minimize risk to the community, offender, or other person

(67) Needs Programming to Remain Crime-Free in the Community
   offender requires appropriate programming to address the underlying cause of his or her criminal conduct and reduce the risk to the community                    _Margaret Quick_

70   Other: _____

BOP.301  11/1/95

 

# The Board of Parole
## *of the*
# District of Columbia

## NOTICE OF BOARD ORDER

Order # 2 of 2

In reference to:

**DCDC** 202-521                    **NAME** KENNETH N HAMMOND

**DOB** 11/14/1962                  **SSN** 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          **LOCATION** CTF

**DOCKET** D0008-0016               **CONSIDERATION TYPE** N:AMEND ACTION

The District of Columbia Board of Parole issues the following **ORDER:**

TRANSFER CASE TO FEDERAL AUTHORITY

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:

08/04/2000
_____
Date

Seal

NOA Date _8-7-00_ by _____

_Margaret Quick_
_____
Chairman
on behalf of the Board of Parole

[ Parole Determination File ]

EXHIBIT

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

**Notice of Action**

---

Name: HAMMOND, Kenneth

Register Number: 00202+521          Institution: Sussex II

---

In the case of the above-named, the following parole action was ordered:

Reopen and schedule for a reconsideration hearing to be conducted <u>nunc pro tunc</u> for January 7, 2000, to determine subject's suitability for reparole pursuant to 28 C.F.R. § 2.81.

**REASONS**:

Court order in D.C. Court of Appeals Case Number 99-SP-83.  At your hearing, the Commission will establish appropriate reparole guidelines based upon your Maryland criminal behavior, in keeping with the revocation findings of the D.C. Board of Parole.   The Commission will determine the specifics of that behavior from the available evidence (including the pertinent arrest report) and will consider such additional information as you wish to present.  Based on this hearing, the Commission will make a reparole determination.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your CSOSA Supervision Officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

EXHIBIT

Date: **August 9, 2000**                          Clerk: adc

Page 1 of 1                    HAMMOND.202

 

### Rehearing Following Revocation by D.C. Parole Board
### (Adult Revocation Hearing prior to 8/5/2000)
### Prehearing Assessment

**Original Offense of Conviction:**  Robbery (F-4008-92B); Burglary II (F-11642-91C); BRA (F 13413-91C).

**Violation Behavior:** Parole Violation (Failed to Obey Laws) (Rape, case #4D-000491, pleaded guilty to Second Degree Assault)

| | | | |
|---|---|---|---|
| DCDC Number......: | 202-521 | PDID Number.......................: | 300-494 |
| Name................: | Hammond Kenneth | Prehearing Date.......................: | 08/14/2000 |
| Reg. No.............: | 00202+521 | Short Term Date.....................: | 08/27/2005 |
| Birth Date...........: | 11/14/1962 | Full Term Date.......................: | 05/23/2009 |
| Examiner............: | Pacholski Joseph M. | Fines/Court Assessment.............: | $300 |
| Institution...........: | Sussex #2 | | |

Detainer:  None.

Additional Text:   The subject to plead guilty in Maryland to Second Degree Assault, and his plea bargain should have precluded the D.C. Board of Parole from considering the underlying rape charge.

**Previous Parole Action:** the D.C. Board of Parole released the subject on parole on April 26, 1996.

The D.C. Board of Parole on October 16, 1997, issued a warrant for the subject charging him with; Failure to Obey all Laws, Fail to Report Arrest to PO, Fail to Report as Directed, Noncompliance: Outpatient Drug Program. The D.C. Board of Parole on February 25, 1998, issued an Order revoking the subject parole, and ordered a reconsider hearing for parole on the set-off date of January 7, 2000.

On September 16, 1998, the D.C. Board of Parole issued an order revoking appellant's parole and ordering the set-off date of January 6, 2001 as recommended by Board Chair Margaret Qiuck.

The D.C. Court of Appeals has overturned a decision by D.C. Board of Parole, and has ordered the holding of a Parole Reconsideration hearing forthwith. The court's decision was entered on July 17, 2000, and the D.C. Board of Parole was not able to conduct the required reconsideration hearing because it was abolished on August 5, 2000.  The U.S. Parole Commission is to conduct this reconsideration hearing per the court order.

**Instant Warrant Information:**  None.

**Review of Charges:**
CHARGE NUMBER:    1 - Sex offense ( forcible rape or forcible sodomy).
Violation Behavior....:    According to the Statement of Probable Cause dated August 13, 1997,  the
Montgomery County Police Department responded to compliant regarding a
rape that just occurred on August 13, 1997. The victim was a 22-year-old
female name Cherry Banks who was wearing only pajama shorts and the top.
The victim told police officers she was raped by a black male named Kenny, at

**EXHIBIT**

8708 Carrol Avenue, apartment 2, in Silver Spring, Montgomery County, Maryland. The victim was taken to Shady Grove Adventist Hospital for a physical examination. The examination at the hospital of the victim concluded several vaginal tears to the victim. Semen was also recovered from vaginal swabbings.

The police responded to the above-mentioned location and located a Black Male named Kenneth Hammond. The subject told the police officers that he and the victim had consensual intercourse earlier in evening, and they later got into an argument over the victim's boyfriend who was in Virginia. The subject stated the victim got angry, and ran out of the apartment. There were two other adults in the apartment that had no knowledge of the incident occurring because they were asleep.

The victim states the subject was drinking heavily and smoking marijuana. The victim states she fell asleep on the living sofa. The victim states she was awakened by the subject performing cunnilingus on her. She yelled at the subject to stop and pushed him away. The subject told the victim she should get rid of her boyfriend. The victim refused the subject advances and eventually the subject left her alone. The victim states a short time later she was awakened by the subject who had unbutton her shirt, and was kissing and fondling her. The victim again told the subject to stop. The subject told the victim she knew she wanted. The subject got on top of her, held her arms down on the couch. The subject then pulled her pajama bottoms to the side and forced vaginal intercourse. According to statement of probable cause dated August 13, 1997.

Finding......................:    Finding of Violation
Basis.........................:    DC Board made finding on basis of letter:

**Institutional Adjustment and Release Plans:**  The subject was instructed to complete Communication/Conflict Resolution Program, from a Notice of Board Order dated September 16, 1998.

## SALIENT FACTOR SCORE   (SFS-98)

| Date | Offense | Disposition of 5 most significant prior convictions: |
|------|---------|------------------------------------------------------|
| 04/16/1985 | Assault with a Dangerous Weapon (Knife) (F - 2901 - 85B) | Plea to lesser included offense of count C |
| 12/08/1989 | Attempted Burglary (M- 12887-89 A/B) | 180 days |
| 09/30/1991 | Burglary II (F- 11642-91C) | 5 years probation |
| 10/10/1991 | BRA (F13413-91C) | 180 days consecutive to   F-11642-91C |
| 04/13/1992 | Robbery II (F 4008-92B) / Burglary II (F- 11642 - 91C) | 3-9 years and 2-6 years (consecutive) |

SFS Item A =  0    Subject has 5 prior convictions/adjudication.

SFS Item B =  0    Subject has  3  commitments of more than 30 days that were imposed prior to the last overt act of the current offense.

SFS Item C =  3    Subject was  34  years old at the commencement of the current offense and had  3 prior commitments.

SFS Item D =  0    08/13/1997 - Commencement of present offense.
04/26/1996 - Release to the community from last commitment.

SFS Item E =  0    Subject is a Parole status violator.

SFS Item F =  0    Sum of Items A-E =  3  and the offender was 34 years old at the commencement of the current offense.

Salient Factor Score  =  3

---

**Severity:**  Seven

**Violation Type:**  Criminal violation(s)

Re-parole Guidelines (range in months):  100 - 148

---

**Conduct Warranting Rescission Guidelines:**

Number and Type of Offense

**Conduct Description:**  None.

Rescission Guidelines (range in months):

Aggregate Guidelines (range in months):

**Risk:**  None.

**Summary:**  The D.C. Board of Parole reopened the subject's case and conducted a new revocation hearing.  The Board at this hearing drop the administrative charges and based its revocation decision solely upon Hammond's " Failure to Obey all Laws".  In a final order issued December 10, 1998, the Board ordered a new set off date of January 6, 2001 (i.e., increased the set off by one year).  The subject again went to court, claiming the increase set off date was retaliation for his lawsuit in file.  The D.C. Court of Appeals held that the Board had failed to overcome the "presumption of vindictiveness" that applies whenever, following a prisoner's success in litigation, a parole agency increases the penalty from that originally imposed.  According, the Courts of Appeals remand the case to the Superior Court with instructions to order that Hammond's reconsideration hearing be held forthwith.

 

The examiner should question the subject regarding the disposition of the charge of Assault with a Dangerous Weapon (Knife) (F 2901 - 85 B-C) where the subject plead to a lesser included offense dated October 4, 1985.

This hearing examiner did not have a current progress report to determine the subjects Institutional Adjustment (incident report and programming) and release plans.

(REV-S)

## D.C. REVOCATION REHEARING HEARING SUMMARY
## (ADULT REVOCATION HEARING PRIOR TO 8/5/2000)

**Original Offense of Conviction - Robbery (F-4008-92B); Burglary II (F-11642-91C); BRA (F-13413-91C)**

**Violation Offense Behavior - Parole Violation (Failure to Obey Laws), (Rape, Case #4D-000491, pled guilty to second degree assault)**

| | | | |
|---|---|---|---|
| **Name** | :HAMMOND, Kenneth | **Institution** | :Sussex II State Prison |
| **Reg No** | :00202+521 | **Projected MR Date:** | 08-27-2005 |
| **Date of Birth:** | 11-14-62 | **Full Term Date:** | 05-23-2009 |
| **Date Dictated:** | 08-23-2000 | **Fines/Restitution/Court Assessment:** | $300 |
| | | **Reviewer** | :Joseph M. Pacholski |

---

### I.    PREVIOUS COMMISSION ACTION:

See pre-review completed on 08-14-2000 by Joseph M. Pacholski.

### II.    REVIEW OF CHARGES:

Charge No. 1 - Sex offense (forcible rape or forcible sodomy).  The subject stated that he and Cherry Banks had a relationship for about three months prior to the instant offense.  The subject stated that Miss Banks was upset with him, the subject, because he was still involved with his common-law wife, A. Contee.  The subject stated he had children with the common-law wife and that he was not going to jeopardize his relationship with his children.  Subject stated that he admits to shoving the victim; that night they did have an argument regarding her boyfriend and his common-law wife.  The subject stated that the victim, Cherry Banks, three days after she had him charged with rape, stated that she wanted to drop the charges.  The subject gave no other information regarding his instant offense other than the DC Parole Board did not make a finding of his instant offense of rape, and that they just made a finding of the simple assault.

This examiner, makes a preponderance of evidence finding and believes it more credible (based on the supporting documentation) than not that the subject did commit the violation offense.  The victim did file a police report immediately after the offense and the police did charged the subject with rape.  The victim did go to the hospital and there were several vaginal tears to the victim.  The subject stated he had consensual sex with the victim, however, the victim denied that version.  The victim was examined at the hospital and semen was also recovered from vaginal swabbings.  This examiner is rating the offense behavior as a Category Seven.

### III.    INSTITUTIONAL ADJUSTMENT AND RELEASE PLANS:

EXHIBIT

HAMMOND.202

Page 1 of 3

(REV-S)

The subject has not been able to participate in any programs at the Sussex II institution. The subject has completed an anger management course that was ordered by the DC Parole Board at Occoquan on 05-27-98. The subject also states and has shown documentation to indicate that he was given a work progress report at CTF/CTA for his work at food service, and that is above average.

The subject has no incident reports in his docket. The subject does present information where he did receive two incident reports that were later dismissed, one of which was a major offense (Code 214) for gathering around or approaching any person in a threatening manner. This disciplinary report was overturned.

The subject plans to release to his mother, Mary Hammond, at 9304 Piney Branch Road, Apt. 406, Silver Spring, Maryland. Subject plans to work at Clyde's of Georgetown at 3236 M Street, NW, Washington, DC 20007.

## IV.    SALIENT FACTOR SCORE:

A =    0    Subject has 5 or more prior conviction(s).

B =    0    Subject has 3 prior commitments of more than 30 days that were imposed prior to the last overt act of the current offense (see dispositions listed above).

C =    3    Subject was 34 years old at the commencement of the 08-13-97 act. Subject has 3 prior commitments.

D =    0    Subject was not in the community for three years. Date of last release: 04-26-96

E =    0    Subject is a parole violator.

F =    0    Subject was 34 years of age at the commencement of the current offense.

3    **TOTAL SCORE**

## V.    RISK:

The subject does not appear to be a more serious risk than indicated by his salient factor score.

## VI.    EVALUATION:

The Parole Violation Behavior is rated as Category Seven severity because it involved rape. The reparole guideline range is 100-148 months. The subject will serve 84 months at his mandatory release date. The subject is being held accountable for his actions with the most time available for him to serve. The subject used poor judgement in that after being informed by the victim that she was not interested in his advances he pursued it nevertheless. This examiner does not believe that this subject requires Sex Offender Aftercare because the subject used poor judgement and the circumstances involving the offense does not warrant the

HAMMOND.202                                                           Page 2 of 3

(REV-S)

Sex Offender Aftercare.

## VII. RECOMMENDATION:

Deny parole. Continue to expiration with the special drug and alcohol aftercare condition.

## VIII. REASONS:

alg
August 29, 2000

Addendum by Shoquist prepared September 19, 2000

I agree with the examiner and also find by a preponderance of the evidence that subject raped the victim. I also believe that the victim's statement and the supporting police report and medical evidence is much more credible than subject's denial of the rape and his claim that they had consensual sex earlier, and thus would explain the physical evidence found through the medial examination. The fact that the victim immediately called police from a store after leaving the apartment wearing only her pajamas, and the fact that the medical examination found vagina tears and semen, is compelling evidence in my opinion that the victim was raped by subject.

It is noted in the police report that subject was drinking heavily and smoking marijuana with others in the apartment prior to this incident. This may support why he did not use good judgement when he was told by this 22 year old victim, that she did not want to have sex with him. This man who was almost 35 years old at the time chose not to honor the young ladies wishes.

It would not appear that he has any prior history of sex offenses, so perhaps this is an isolated event in which drugs and alcohol was a contributing factor. It is also noted that he has a previous conviction history involving an assaultive offense and robbery of a female who was thrown to the floor by subject during the offense. Therefore, prior to the next hearing I would recommend that a current psychological report be prepared in order to assess whether there is any evidence to suggest that some type of mental health aftercare is needed if sexual deviancy is found. I will add this to the order to appear on the NOA.

SPECIAL CONDITION:

Prior to the next hearing a current psychological report is requested to determine whether, in light of the parole violation behavior which involved rape, subject should have special mental health aftercare counseling to reduce the likelihood of his again acting in an assaultive manner.

**U.S. Department of Justice** 
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

---

Name: HAMMOND, Kenneth                    Institution: Sussex II State Prison

Register Number: 00202+521            DCDC No.: 202-521

In the case of the above-named, the following parole action was ordered:

Deny Parole. Continue to expiration. You shall be subject to the Special Drug and Alcohol Aftercare Conditions which requires that you participate as instructed by your U.S. Probation Officer in a program (inpatient or outpatient) approved by the U.S. Parole Commission for the treatment of narcotic addiction or drug and/or alcohol dependency, which may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

**NOTE:** The D.C. Department of Corrections or the Bureau of Prisons is requested to provide the U.S. Parole Commission with a current psychological/psychiatric report prior to the next scheduled hearing which specifically addresses the parole violation behavior which involved rape, whether the subject should have special mental health aftercare counseling to reduce the likelihood of his again acting in an assaultive manner.

**REASONS**:

Your parole violation behavior is rated as Category Seven severity because it involved rape. Your salient factor score (SFS-98) is 3. You have been in confinement as a result of your behavior for a total of 24 months as of August 7, 2000. Guidelines established by the Commission for revocation behavior indicate a customary range of 100-148 months to be served for cases with a good institutional adjustment and program achievement. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

As required by Commission rules, you have also been scheduled for a review hearing during August 2002.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your Supervision Officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

See the attached sheet for your individual item points and explanation for the Salient Factor Score.

cc:     D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W.
        Suite 2134
        Washington, D.C. 20001

EXHIBIT

Date: September 26, 2000                              Clerk: mdd/*udd*



**Your Pts**   **Item Explanation**      **SALIENT FACTOR SCORE**

0   . . . . **A - Prior convictions/adjudications (adult or juvenile)**
      None = 3; One = 2; Two or three = 1; Four or more = 0

0   . . . . **B - Prior commitments of more than thirty days (adult or juvenile)**
      None = 2; One or two = 1; Three or more = 0

3   . . . . **C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile)**

0   . . . . **D - Recent commitment free period (three years)**
      No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment
      at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0   . . . . **E - Probation/parole/confinement/escape status violator this time**
      Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a
      probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

0   . . . . **F - Older offenders**
      If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above
      is 9 or less) = 1; Otherwise = 0

| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

**Date: September 26, 2000**                    **Clerk: mdd**

NETH N. HAMMOND # 202-521
_____
NAME

___N-A_____
CRIMINAL CASE NUMBER

# 202-521 VA# 268-954
_____
PRISON NUMBER
eenville Correction Center
1 Corrections Way Hu 1/206
cratt,Virginia,23870
_____
PLACE OF CONFINEMENT

**FILED**

NOV 0 1 2001

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KENNETH N. HAMMOND       )
_____ )
(Full Name)              )
               Petitioner )
                         )
        v.               )
vid A. Garraghty , Warden )
strict of Columbia Agencies )
S.parole Commission et,al., )
_____ )
(Name of Warden, Superintendent, )
Jailor, or authorized person having )
custody of petitioner)   )
               Respondent )

CASE NUMBER  1:01CV02285

JUDGE: Richard W. Roberts

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 11/01/2001

(If petitioner has a sentence to be served in the future under a Federal judgment which he wishes to attack, he should file a motion in the Federal Court which entered the judgment)

PETITION FOR A WRIT OF HABEAS CORPUS
BY A PERSON IN CUSTODY
IN THE DISTRICT OF COLUMBIA OR IN LORTON REFORMATORY

INSTRUCTIONS--PLEASE READ CAREFULLY

(1)  This petition must be legibly handwritten or typewritten and signed by the petitioner. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2)  Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3)  Upon receipt, your petition will be filed if it is in proper order and is accompanied by a $5.00 filing fee. Your check or money order should be made payable to: Clerk, U.S. District Court.

EXHIBIT

1

If you cannot afford to pay the filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the affidavit on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. However, if your prison account exceeds $100.00 you will not be considered as eligible to proceed in forma pauperis and must pay the $5.00 filing fee.

Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts you must file separate petitions as to each court.

Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

When the petition is fully completed, it must be mailed to the Clerk of the United States District Court for the District of Columbia, 333 Constitution Avenue, N.W., Washington, D.C. 20001.

Petitions which do not conform to these instructions may be returned with a notation as to the deficiency.

## PETITION

(1)   Name and location of court which entered the judgment of conviction under attack   **NONE not attacking the conviction** _____

_____

(2)   Date of judgment of conviction_____**N-A**_____.

(3)   Length of sentence_____**N-A**_____.

(4)   Nature of offense involved (all counts)_____**N-A**_____

_____

_____

(5)   What was your plea? (Check one)       **N-A**
       (a)     Not guilty ( )
       (b)     Guilty ( )
       (c)     Nolo contendere ( )
       If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

(6)   Kind of trial: (Check one)       **N-A**
       (a)     Jury ( )
       (b)     Judge only ( )

(7)   Did you testify at the trial?       **N-A**

       Yes ( )        No ( )

(8)    Did you appeal from the judgment of conviction?    N-A

    Yes ( )    No ( )

(9)    If you did appeal, answer the following:    N-A
    (a)    Name of court_____
    (b)    Result_____
    (c)    Date of result_____

(10)   Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any courts?    N-A

    Yes ( )    No ( )

(11)   If your answer to 10 was "yes", give the following information:    N-A
    (a)    (1)    Name of Court_____
        (2)    Nature of the proceedings_____
            _____
        (3)    Grounds raised_____
            _____
            _____
            _____
        (4)    Did you receive an evidentiary hearing on your petition, application or motion?

            Yes ( )    No ( )
        (5)    Result_____
        (6)    Date of result_____
    (b)    As to any second petition, application or motion give the same information:
        (1)    Name of court_____
        (2)    Nature of proceeding_____
            _____
        (3)    Grounds raised_____
            _____
            _____
            _____
        (4)    Did you receive an evidentiary hearing on your petition, application or motion?

            Yes ( )    No ( )
        (5)    Result_____
        (6)    Date of result_____
    (c)    As to any third petition, application or motion, give the same information:
        (1)    Name of court_____
         (2)    Nature of proceeding_____
            _____
        (3)    Grounds raised_____
            _____

)

———————————————————————

———————————————————————

    (4)    Did you receive an evidentiary hearing on your petition, application or motion?

           Yes ( )     No ( )

    (5)    Result_____

    (6)    Date of result_____

(d)    Did you appeal to the highest court having jurisdiction the result of action taken on any petition, application or motion?

    (1)    First petition, etc.    Yes ( )     No ( )

    (2)    Second petition, etc.    Yes ( )     No ( )

    (3)    Third petition, etc.    Yes ( )     No ( )

(e)    If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

———————————————————————

———————————————————————

———————————————————————

12.    State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    CAUTION:    N-A
                    If you were convicted in a District of Columbia court, you must ordinarily first exhaust your District of Columbia court remedies as to each ground on which you request action by the Federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may also raise any grounds which you may have other than those listed if you have exhausted your District of Columbia court remedies with respect to them. However, you should raise in this petition all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)    Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b)    Conviction obtained by use of coerced confession.

(c)    Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d)    Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e)    Conviction obtained by a violation of the privilege against self-incrimination.

(f)    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g)    Conviction obtained by a violation of the protection against double jeopardy.

(h)    Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(I)    Denial of effective assistance of counsel.

(j)    Denial of right of appeal.                )

A.    Ground one: violation of petoitioners fifth constitutional right of
Supporting FACTS (tell your story briefly without citing cases or law): due process.
For the parole commission and the District of Columbia have came into
an unlawful agreement for the federal parole commission to use federal
parole laws,regulations,and procedures against me a District Code
offender in violation of the D.C.Code § 24-209 and the petitioners due
process rights

B.    Ground two: For the violation of the fourteenth constitution of the equal
protection of law.
Supporting FACTS (tell your story briefly without citing cases or law):
the petitioner has been deprived of the right to be treated in a equal
manner to those in asimular situation as those under the District and
federal Government to appy federal parole laws and regulations against
me.

C.    Ground three: for The Unlawful acts of Using Federal regulations and laws
Supporting FACTS (tell your story briefly without citing cases or law): against D.C. offenders.
The pettitioner has been wrongfully penalize under Federal parole guide-
lines after he had already paid The penalty for The parole violation
under The District parole laws. This depriving The pettitioner of his
rights under equal protection of Law.

D.    Ground four:
Supporting FACTS (tell your story briefly without citing cases or law):

13.    If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, District of
Columbia or Federal, state briefly what grounds were not so presented, and give your reasons for not
presenting them

14.    Do you have any petition or appeal pending in any court, either, District of Columbia or Federal, as to the judgment
under attack?

Yes ( )        No ( )

15. Give the names and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:  *N-A*

(a)    At preliminary hearing_____

(b)    At arraignment and plea_____

(c)    At trial_____

(d)    At sentencing_____

(f)    In any post-conviction proceeding_____

(g)    On appeal from any adverse ruling in a post-conviction proceeding_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?  *N-A*

    Yes ( )        No ( )

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    Yes ( )        No ( )  *N-A*

(a)    If so, give name and location of court which imposed sentence to be served in the future:_____
       _____

(b)    And give date and length of sentence to be served in the future:_____

(c)    Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

       Yes ( )        No ( )

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

I certify under penalty of perjury that the foregoing is true and correct.

_9/21/2001._
Date

_Hammond Kenneth_
Petitioner's Signature

11/24/03  MON 16:34 FAX 317 226 5027        US ATTORNEY SO. DIST. IN                    ☐001

RECEIVED

NOV 2 4 2003

LEGAL
U.S. PAROLE COMMISSION

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

KENNETH N. HAMMOND, et al.,          )
                                     )
        Petitioners,                 )
                                     )
v.                                   )    CIVIL ACTION NO. 02-864-AM
                                     )
DAVID GARRAGHTY, et al.,             )
                                     )
        Respondents.                 )

MEMORANDUM OPINION

Petitioners Kenneth N. Hammond ("Hammond") and Charles E. Forrester, Jr., ("Forrester"), District of Columbia inmates previously incarcerated in Virginia and proceeding pro se, filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 challenging the United States Parole Commission's application of federal parole laws, regulations, procedures and policies to District of Columbia Code offenders. By Order dated July 24, 2002, respondents were directed to show cause why the writ should not issue. On October 4, 2002, respondents filed their response. On October 15, 2002, Hammond filed a reply brief. On October 23, 2002, Forrester filed a reply brief. For the following reasons, Hammond and Forrester's petition for writ of habeas corpus will be dismissed.

EXHIBIT

I.

Both Hammond and Forrester have extensive criminal records dating back to the early 1990's. These records are extensively detailed by respondents in their Reply to Petitioner's Writ. As neither Hammond nor Forrester contest the respondents' recitation of their criminal background or the subsequent parole proceedings, this Court will adopt respondents' recitation of those facts in pages 3(1)(A)-5(M) and 7(A)-10(G) of their reply.

II.

As a threshold matter, this Court must consider whether it has jurisdiction over this action and whether the petitioner named proper defendants to his petition.  Challenges to Parole Commission decisions must be brought under 28 U.S.C. § 2241 in the district court with jurisdiction over the prisoner or his custodian.  Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973).  The instant petition indicates that at the time the instant petition was transferred from the U.S. District Court for the District of Columbia to this Court, petitioners were incarcerated at the Greenville Correctional Center in Jarrett, Virginia.  For federal habeas corpus purposes, petitioner's custodian is the warden of that institution. Billiteri v. United States Bd. of Parole, 541 F.2d 938, 948 (2d Cir. 1976).  Therefore, petitioner properly named Greenville Correctional Center Warden D.A. Garraghty as respondent and this

11/24/03  MON 18:35 FAX 317 226 5027    US ATTORNEY SO. DIST. IN    @003

Court has jurisdiction over this petition because Jarrett,
Virginia is located in the Eastern District of Virginia.

All respondents other than D.A. Garraghty, however, must be
dismissed because general governmental entities not directly
associated with incarceration, such as the Parole Commission and
various District of Columbia agencies are not proper parties to a
§ 2241 suit.  See Boone v. U.S. Parole Comm'n, 648 F. Supp. 479,
480 (D. Md. 1986).  Although the Parole Commission, for example,
is responsible for parole determinations, the Parole Commission
is not the petitioner's custodian for purposes of § 2241 habeas
petitions.  Chatman-Bey v. Thornburgh, 864 F.2d 804 (D.C. Cir.
1988).  Accordingly, all defendants except for Garraghty will be
dismissed.

III.

As for the merits of his petition, the petitioners make
three claims. First, petitioners argue that the Parole Commission
violated their due process rights by applying federal, rather
than District of Columbia, parole laws.  In 1997, the
Revitalization Act abolished the District of Columbia Board of
Parole and transferred parole responsibilities for District of
Columbia prisoners to the United States Parole Commission.  D.C.
Code § 24-131.[1]  The Revitalization Act provides that the Parole

---

[1]    (a)(1) Not later than one year after August 5,
       1997,  the  United  States  Parole  Commission
       shall assume the jurisdiction and authority of

3

11/24/03  MON 16:35 FAX 317 226 5027       US ATTORNEY SO. DIST. IN                    004

Commission must apply "the parole laws and regulations of the District of Columbia." Id. Petitioners argue that the Parole Commission has applied federal parole laws in their cases and, therefore, violated their due process rights. This claim fails because petitioners cannot demonstrate the deprivation of a liberty interest.

The Fourteenth Amendment requires a state to provide due process of law before depriving any person of life, liberty, or property. U.S. Const. amend. XIV. Where, as here, a petitioner asserts that a state has violated his due process rights, he must show (1) that he has a protected liberty interest within the meaning of the Fourteenth Amendment, and (2) that he did not receive adequate procedure before he was deprived of that liberty interest. Petitioners' due process claim fails because they cannot show that the District of Columbia parole laws or regulations afforded them a protected liberty interest.

---

the Board of Parole of the District of Columbia to grant and deny parole, and to impose conditions upon an order of parole, in the case of any imprisoned felon who is eligible for parole or reparole under the District of Columbia Official Code. The Parole Commission shall have exclusive authority to amend or supplement any regulation interpreting or implementing the parole laws of the District of Columbia with respect to felons, provided that the Commission adheres to the rulemaking procedures set forth in § 4218 of title 18, United States Code.

4

It is well-settled that the Constitution itself does not create a liberty interest in parole.  Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979).  Moreover, neither the District of Columbia parole statute, D.C. Code § 24-204, nor the District of Columbia parole regulations, create a liberty interest that warrants due process protection.  Ellis v. District of Columbia, 84 F.3d 1413, 1415-20 (D.C. Cir. 1996); McRae v. Hyman, 667 A.2d 1356, 1357 (D.C. 1995).  Because petitioners cannot show that they have been deprived of a protected liberty interest, their due process claim fails.

Moreover, the Parole Commission's use of revised parole guidelines does not violate the District of Columbia parole statute, or the Revitalization Act.  Before 1997, the District of Columbia parole statute, D.C. Code § 24-209, granted the Parole Board authority over prisoners convicted in the District of Columbia but incarcerated in prisons located outside the District of Columbia.  In 1997, the Revitalization Act transferred that authority to the Parole Commission.  The Revitalization Act provides that the Parole Commission "shall have exclusive authority to amend or supplement any regulation interpreting or implementing the parole laws of the District of Columbia with respect to felons."  D.C. Code § 24-131(a)(1).  In 1998 and in 2000, the Parole Commission amended the existing parole

5

11/24/03  MON 10:30 FAX 317 220 5027    US ATTORNEY SO. DIST. IN    ☒006

guidelines, pursuant to this authority under the Revitalization
Act.  Contrary to petitioners' argument, we find that the Parole
Commission's amendment of the parole guidelines does not render
the guidelines "federal."  The Parole Commission's application of
these amended guidelines violates neither petitioners'
constitutional nor statutory rights.

IV.

Next, petitioners argue that they are being denied equal
protection of the laws because the Parole Commission used
"federal" laws and guidelines to deny them parole.  This claim
does not implicate the equal protection clause and warrants no
relief.

The Equal Protection Clause of the Fourteenth Amendment
protects against arbitrary classifications by state actors.  U.S.
Const. amend. XIV § 1.  "Unless a classification trammels
fundamental personal rights or is drawn upon inherently suspect
distinctions such as race, religion, or alienage, our decisions
presume the constitutionality of the statutory discrimination and
require only that the classification challenged be rationally
related to a legitimate state interest."  City of New Orleans v.
Dukes, 427 U.S. 297, 303 (1976).  Although the Equal Protection
Clause of the Fourteenth Amendment protects prisoners from
discriminatory treatment by prison officials, prisoners

6

themselves do not constitute a suspect class.  <u>Roller v. Gunn</u>,
107 F.3d 227, 233 (4th Cir. 1997).

Moreover, petitioners make no showing that they were treated
differently from any other District of Columbia prisoner.  A
prisoner claiming an equal protection violation must make a
threshold showing "that he was treated differently from others
who were similarly situated."  <u>Shaheed v. Winston</u>, 885 F. Supp.
861, 869 (E.D. Va. 1995), <u>aff'd</u>, 161 F.3d 3 (4th Cir. 1998)
(unpublished).  In the instant case, all District of Columbia
prisoners are under the Parole Commission's jurisdiction.
Therefore, petitioners have failed to show that they are being
treated differently from other similarly situated persons.  They
have also failed to demonstrate the violation of a fundamental
right protected by the Equal Protection Clause.  For these
reasons, relief on this claim must be denied.

VI.

Finally, petitioners assert that the Parole Commission's
regulations constitute <u>ex post facto</u> laws in violation of their
constitutional rights.  U.S. Const. art. I, §9, cl. 3.  The
constitutional prohibition of <u>ex post facto</u> laws mandates that
legislatures "may not retroactively alter the definition of
crimes or increase the punishment for criminal acts." <u>Collins v.</u>
<u>Youngblood</u>, 497 U.S. 37, 43 (1990).  Liberally construed,

7

petitioners argue that the use of the Parole Commission
guidelines adds to the punishment attached to their crimes.

The question of whether parole guidelines can be considered
laws for the purposes of ex post facto analysis is not settled.
Although, as respondent points out, most circuit courts of
appeals that have considered the question have determined that
parole guidelines are discretionary and therefore do not qualify
as ex post facto "laws," others, notably the D.C. Circuit, have
not decided this question.[2]  This Court, however, has previously
held that changes in parole guidelines do not violate the ex post
facto clause.  Franzese v. Clark, 732 F. Supp. 653, 654 (E.D. Va.
1990).

In the instant case, even assuming that parole regulations
constitute laws for the purposes of ex post facto analysis, no
such violation is evident here. As elucidated in Blair-Bey, there
are three ways in which a D.C. offender may demonstrate that a
parole regulation violates the ex post facto clause: 1) by
demonstrating that commission guidelines pose a sufficiently
great risk of disadvantaging a particular category of inmates; 2)
by showing that either the regulations themselves or the actions

---

[2]Compare Inglese v. U.S. Parole Commission, 768 F.2d 932 (7th
Cir. 1985); Dufresne v. Baer, 744 F.2d 1543 (11th Cir. 1984); Rifai
v. U.S. Parole Commission, 586 F.2d 965 (9th Cir. 1978 (all
holding no ex post facto law), with Alston v. Ganes, 158 F. Supp.
2d 76 (D.D.C. 2001); Blair-Bey v. Quick, 151 F.3d 1036 (D.C. Cir.
1998) (noting the unsettled question in the D.C. Circuit).

11/24/03  MON 10:30 FAX 317 226 5027        US ATTORNEY SO. DIST. IN                    ☒009

of the Commission were motivated by a punitive desire to extend the incarceration of a particular category of inmates or 3) by showing that the Commission never exercises discretion in the application of the regulations. 151 F.3d 1036, 1049 (D.C. Cir. 1998).

Petitioners failed to produce any facts showing an <u>ex post facto</u> violation in their cases. First, petitioners failed to show that the Commission guidelines in some way pose a sufficiently great risk of disadvantaging a particular category of inmates as to violate the <u>ex post facto</u> clause. <u>California Department of Corrections v. Morales</u>, 514 U.S. 499, 509 (1995). Second, petitioners failed to show that the regulations, or the actions of the Parole Board or the Commission, were motivated by a punitive desire to extend the incarcerations of a particular category of inmates. <u>Miller v. Florida</u>, 482 U.S. 423, 434 (1987). Third, petitioners failed to show that the Commission never exercises discretion in its application of parole regulations, thus making the regulations law-like. <u>Warren v. United States Parole Board</u>, 659 F.2d 183 (D.C. Cir. 1981). Therefore, even assuming Commission regulations constitute "laws," no <u>ex post facto</u> clause violation has occurred and relief on this claim must be denied.[3]

---

[3]Respondent also aptly points out that petitioner had no guarantee of an earlier parole under the previous parole regime, as the Commission and its partner-predecessor, Parole Board, had total

9

11/24/03  MON 16:57  FAX 317 226 5027       US ATTORNEY SO. DIST. IN                    Ø010

VII.

For the reasons stated above, this petition must be dismissed.  An appropriate Order will issue.

Entered this _28th_ day of March, 2003.

*Claude M. Hilton*
Claude M. Hilton
United States District Judge

Alexandria, Virginia

---

discretion over whether to grant or deny parole and to depart from guidelines.

10

11/24/03  MON 16:37 FAX 317 226 5027          US ATTORNEY SO. DIST. IN                      ☒011

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

KENNETH N. HAMMOND, et al.,          )
                                     )
        Petitioners,                 )
                                     )
v.                                   )   CIVIL ACTION NO. 02-864-AM
                                     )
DAVID GARRAGHTY, et al.,             )
                                     )
        Respondents.                 )

O R D E R

In accordance with the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the instant Petition for Writ of Habeas Corpus be and is **DISMISSED**; and it is hereby

**ORDERED** that petitioner Forrester's Motions to Stamp with "Special Mail" (docket nos. 13 and 33) are **DENIED** as moot.

Should petitioners wish to appeal, they must file a Notice of Appeal with the Clerk of this Court within thirty (30) days of the date of this Order. See Fed. R. App. P. 3 & 4.

The Clerk is DIRECTED to send a copy of this Order to petitioner and a copy to the United States Attorney for the Eastern District of Virginia on behalf of respondent. The Clerk is further DIRECTED to change docket no. 26 to reflect that it is a response to the respondents' response, not a motion.

Dated: *Mar. 28, 2003*
Alexandria, Virginia

*Claude M. Hilton*
UNITED STATES DISTRICT JUDGE



U.S. Department of Justice                                      **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: HAMMOND, Kenneth                         Institution: Terre Haute USP
Register Number: 09567-007
DCDC No: 202-521                               Date:      January 14, 2003

---

In the case of the above-named, the following parole action was ordered:

No change in continuance to expiration.

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions which requires that you participate as instructed by your U.S. Probation Officer in a program (inpatient or outpatient) approved by the U.S. Parole Commission for the treatment of narcotic addiction or drug and/or alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

**REASONS**:

Retroactivity does not apply. Neither your recalculated severity rating (old **Category Seven**; new Category **Seven**) nor your recalculated salient factor risk category (old Category **Poor**, old score **3**; new Category **Poor**, new score **3**) is more favorable. This statement means that a finding has been made by the Parole Commission at your hearing that no regulatory or procedural changes have been made by the Parole Commission since your last hearing which would positively affect your case in terms of offense severity or salient factor scoring.

In addition, you have also been scheduled for a review hearing during December 2004.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    Sharon Barnes-Durbin, SCSA
       CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2149
       Washington, D.C. 20001

EXHIBIT

R

---

HAMMOND 09567-007                              -1-                    Clerk:  MDD
Queued: 01-14-2003 09:44:58 BOP-Terre Haute USP |

**1: 03-CV- 0753 DFH - TAB**

FORM FOR USE IN APPLICATIONS

FOR HABEAS CORPUS UNDER 28 U.S.C. SECTION 2241

FILED

03 MAY 21 AM 9: 26

LAURA A. BRIGGS

_Kenneth N. Hammond_
NAME

_09567-007_
PRISON NUMBER

_Terre Haute penitentiary, p.o. Box #33 Terre Haute, IN. 47808_
PLACE OF CONFINEMENT

UNITED STATES DISTRICT COURT FOR THE **SOUTHERN DISTRICT OF INDIANA**

CASE NO. _____ (to be supplied by Clerk of Court)

_Kenneth N. Hammond_____, PETITIONER
(Full name--include name under which you were convicted)

v. _Keith E. Olson, Warden_
                    &
_U.S. Parole Commission, et, al._____, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized
person having custody of petitioner)

         (If the petitioner wishes to attack a federal judgment under which a
sentence was imposed he should file a motion under 28 U.S.C. Section 2255,
in the federal court which entered the judgment).

         PETITION FOR WRIT OF HABEAS CORPUS UNDER SECTION 2241 BY A PERSON IN
                              FEDERAL CUSTODY

                         INSTRUCTIONS--READ CAREFULLY

1.  This petition must be legibly handwritten or typewritten, signed by the
    petitioner and subscribed to under penalty of perjury as being true and
    correct.  Any false statement of a material fact may serve as the basis

**EXHIBIT**
**S**

SCANNED



for prosecution and conviction for perjury.  All questions must be answered concisely in the proper space on the form.  Where more room is needed to answer any question use reverse side of sheet.

2.  Additional pages are not permitted.  No citation of authorities need be furnished.  If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3.  Upon receipt of a fee of $5.00 your petition will be filed if it is in proper order.

4.  If you do not have the necessary filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the affidavit on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor.  If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.  If your prison account exceeds $150.00, you must pay the filing fee as required by the rule of the district court.

5.  Only judgments entered by one court may be challenged in a single petition.  If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

6.  Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

7.  When the petition is fully completed, <u>the original and two copies must be</u> mailed to the Clerk of the United States District Court whose address is:

8.  Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

PETITION

1.  Name and location of court which entered the judgment of conviction under which you are presently confined:  *Superior Court for the District of Columbia 500 Indiana, Ave, N.W. Washington, D.C. 2000l*

2.  Date of judgment of conviction *December 14th 1991, July, 17th 1992*

3.  Length of sentence *5 To 15 1/2 years*    Sentencing judge *Barnett*

4.  Nature of offense or offenses for which you were convicted: _Burglary II,_

    _Robbery, Bail reform Act_ _____

    _____

    _____

5.  Were you sentenced on more than one count of an indictment, or on more than
    one indictment, in the same court and at the same time?  Yes (✓) No ( )

6.  Do you have any future sentence to serve after you complete the sentence
    imposed by the judgment under attack?  Yes ( )  No (✓)

    (a)  If so, give name and location of court which imposed sentence to be
         served in the future: _____

         _____

    (b)  And give date and length of sentence to be served in future: _____

         _____

    (c)  Have you filed, or do you contemplate filing, any petition attacking
         the judgment which imposed the sentence to be served in the future?
         Yes ( )  No (✓)

7.  State concisely every ground on which you claim that you are being held
    unlawfully.  Summarize briefly the facts supporting each ground.

    A.   Ground one:  _Violation of due process, of have, Legal And_
         _apible permissible parole guidelines used at parole hearings_
         Supporting FACTS  (tell your story briefly without citing cases
         or law):  _petitioner violated his District of Columbia parole_
         _release regulations and was given a parole revocation_
         _hearing under the District's 28 DCMR which parole was_
         _revoked. At his parole reconsideration hearing the parole_
         _commission use a more harsher (new) parole guideline that_
         _was created out of the Federal parole guidelines (hybrid)_
         _guidelines, which require that the petitioner serve 92 to 139 months_
         _more then the guidelines that were to be used, which only_
         _require that the petitioner serve 15 months, this violating_
         _the petitioner's substantive due process._

         _____See - petitioner's memorandum of points And_
         _____authority Enclosed._____
         _____
         _____
         _____
         _____

- 3 -

B.    Ground two: _____

Supporting FACTS (tell your story briefly without citing cases
or law): _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

C.    Ground three: _____

Supporting FACTS (tell your story briefly without citing cases
or law): _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

D.    Ground four: _____

Supporting FACTS (tell your story briefly without citing cases
or law): _____
_____

_____

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _5/15/2003_____
                    (Date)


                                    _Hammord N. Kenneth_____
                                            (Signature)

        _N-A_
_____
    Signature of Attorney
        (if any)


                        - 5 -



In Forma Pauperis Affidavit

I hereby apply for leave to proceed with this petition without prepayment of fees or costs or giving security therefor. In support of my application, I state under oath that the following facts are true:

(1) I am the petitioner in this petition and I believe that I am entitled to redress.

(2) I am unable to prepay the costs of said action, or give security therefor, because: *I'm on a limited Institution income which I only make enough to ~~try~~ get by monthly*

(3) I have no assets or funds which could be used to prepay the fees or costs except *NONE*

*None*

(Write "none" above if you have nothing; otherwise, list your assets)

*Hammod N. Kenneth*
(signature of petitioner)

"I declare under penalty of perjury that the statements made in the petition and in the in forma pauperis affidavit are true and correct."

Executed on *5/15/2003*
(Date)

*Hammod N. Kenneth*
(signature)

IT IS NO LONGER NECESSARY TO HAVE YOUR PETITION NOTARIZED.

CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ *5.82* on account to his credit at the penal institution where he is confined. I further certify that the petitioner likewise has the following securities to his credit according to the records of said penal institution:

*I declare under 28 USCA § 1746 That the Information herein is True and Correct To the best of My Knowledge.*

*Hammod N. Kenneth*

AUTHORIZED OFFICER OF PENAL INSTITUTION

- 6 -

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

ENTERED

FEB 0 5 2004

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

KENNETH N. HAMMOND,                )
                                   )
              Petitioner,          )
                                   )
    vs.                            )        No. 1:03-cv-753-DFH-TAB
                                   )
KEITH OLSON, Warden,               )
                                   )
              Respondent.          )

**ENTRY DISCUSSING PETITION FOR WRIT OF HABEAS CORPUS**

The petition of Kenneth Hammond for a writ of habeas corpus is denied and this action is dismissed. This disposition is compelled by the following facts and circumstances:

1.     Hammond was sentenced to a term of 3-9 years by the Superior Court for the District of Columbia on July 13, 1992, and on July 17, 1992, to a consecutive 2-6 year term and to a consecutive 180-day sentence. Hammond was paroled by the District of Columbia Board of Parole on April 26, 1996, with a full term date of September 11, 2007.

2.     On August 13, 1997, Hammond was arrested in Maryland. On October 16, 1997, the Board of Parole issued a detainer warrant for Hammond's arrest. On January 6, 1998, Hammond pleaded guilty in Maryland to second degree assault, a misdemeanor. When released from the sentence for the assault offense, the parole violator warrant was executed.

3.     A parole revocation hearing was conducted. On February 25, 1998, a decision was made to revoke Hammond's parole for both criminal and non-criminal violations. He was ordered to be considered for a re-parole by January 7, 2000.

4.     Hammond challenged the decision of February 25, 1998, through an action for a writ of habeas corpus. The Parole Board conceded error, and a new revocation hearing was conducted. Once again, a decision was made to revoke Hammond's parole. It was further ordered that Hammond be considered for re-parole by January 6, 2001. A corrected notice was issued by the Parole Board on December 10, 1998, as a result of which the non-criminal violations were dropped from the revocation decision.


EXHIBIT

5.     Judicial review of the December 10, 1998, order of the Parole Board produced a direction that the January 6, 2001, date be vacated and that a reconsideration hearing be held forthwith.

6.     On August 4, 2000, the responsibility to manage Hammond's parole was transferred to the United States Parole Commission. On August 9, 2000, the Parole Commission ordered a reconsideration hearing to be conducted to determine Hammond's suitability for re-parole.

7.     The reconsideration hearing was conducted on August 23, 2000.  On September 26, 2000, the Parole Commission issued a Notice of Action in which it ordered: "Deny parole. Continue to expiration." This decision was based on the Parole Commission's applications of its re-parole guidelines to Hammond's violation behavior.  Thus, the  "continue to expiration" decision order was not a decision outside the Parole Commission's re-parole guidelines.

8.     Hammond filed an action for a writ of habeas corpus. The petition was denied on the merits in *Hammond v. Garraghty,* No. 02-864-AM (E.D.Va. March 28, 2003).

9.     Hammond thereafter received an interim hearing by the Parole Commission. Following this hearing, the Parole Commission ordered no change in the continue to expiration decision.

10.     At present, Hammond's mandatory parole date is August 24, 2005.

11.     Hammond seeks a writ of habeas corpus based on his claim that the Parole Commission's application of its re-parole guidelines to his case was error. The respondent argues that Hammond's petition should be dismissed for lack of merit and as an abuse of the writ.

12.     The respondent's abuse of the writ argument rests on the prior habeas decision in *Hammond v. Garraghty,* No. 02-864-AM (E.D.Va. March 28, 2003).

a.     *Hammond v. Garraghty,* the district court noted that Hammond presented three claims, viz., (i) the Parole Commission erred by applying federal, rather than District of Columbia, parole laws, (ii) he was denied equal protection of the laws because the Parole Commission used "federal" laws and guidelines to deny him parole, and (iii) the Parole Commission's regulations constituted ex post facto laws. The district court in *Hammond v. Garraghty* reached the merits of each of these claims and resolved each against Hammond's position.

b.     Although *res judicata* is inapplicable to habeas proceedings, *Whitlock v. Godinez,* 51 F.3d 59, 61 (7th Cir. 1995), an abuse of the writ is also not

permitted. *Sanders v. United States,* 373 U.S. 1, 15-17(1963); 28 U.S.C. § 2244(a).

c.    Hammond concedes on page 6 of his memorandum filed on May 21, 2003, that he "raised this issue" of whether the Parole Commission could apply its guidelines to Hammond's parole violation behavior. He takes the position in his most recent filing, however, that the prior habeas court did not address the claims in this case, but the expanded record shows otherwise.

d.    A federal court is not required to entertain a habeas petition "if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). This prohibition against relitigation is not triggered by claims which are repeated, but by a challenge to "such detention."

e.    The abuse of the writ standard enunciated by the Supreme Court in *McCleskey v. Zant,* 499 U.S. 467 (1991), informs the analysis and consideration of whether a § 2241 petition is abusive:

> When a prisoner files a second or subsequent application, the government bears the burden of pleading abuse of the writ. The government satisfies this burden if, with clarity and particularity, it notes petitioner's prior writ history, identifies the claims that appear for the first time, and alleges that petitioner has abused the writ. The burden to disprove abuse then becomes petitioner's. To excuse his failure to raise the claim earlier, he must show cause for failing to raise it and prejudice therefrom . . . [i]f petitioner cannot show cause, the failure to raise the claim in an earlier petition may nonetheless be excused if he or she can show that a fundamental miscarriage of justice would result from a failure to entertain the claim.

*McCleskey,* 499 U.S. at 494-95.

f.    The respondent has satisfied its burden under the above standard. Hammond's prior writ history has been established. The claims which are repetitive here have been identified. The burden has shifted to Hammond to show why those claims should be relitigated. He has not met that burden. There are no circumstances presented by Hammond's petition which warrant an additional review of his habeas challenge to the decisions of the Parole Commission. See *George v. Perrill,* 62 F.3d 333, 334 (10th Cir. 1995) ("Under 28 U.S.C. § 2244(a) . . . a section 2241 petition which presents no new grounds for relief is subject to dismissal as a successive petition unless the ends of justice require consideration of the merits.").

13.     Even if the court reached a different conclusion with respect to the respondent's abuse-of-the-writ argument, it would reach the same conclusions as did the district court in *Hammond v. Garraghty,* No. 02-864-AM. Those conclusions, and the reasons for them, are thus adopted as an alternative basis for the court's decision in this case.

14.     With respect to Hammond's most recent contention that a different claim is presented, if the court concluded that the claim could not have been presented previously, he would nonetheless not prevail here, because neither the Constitution nor District of Columbia Parole Guidelines created a liberty interest in parole. *McKissick v. U.S. Parole Com'n.,* 2003 WL 22931327 (S.D.W.Va. March 11, 2003). The Parole Commission did not act outside its authority or applicable guidelines in issuing its September 26, 2000, Notice of Action, and consequently Hammond is not in custody in violation of the Constitution, laws or treaties of the United States, such as he would be required to demonstrate in order to prevail in this action. See 28 U.S.C. § 2241(c)(3).

Judgment consistent with this Entry shall now issue.

So ordered.

*David F. Hamilton*

DAVID F. HAMILTON, Judge
United States District Court

Date:     0 5 FEB 2004

07/11/2005 06:51 FAX 8064332577          ISM                          ☑002

DC_PAROL.WPD    CERTIFICATE OF MANDATORY PAROLE OR MANDATORY RELEASE

**U.S. Department of Justice**
**United States Parole Commission**

CERTIFICATE OF MANDATORY PAROLE OR MANDATORY RELEASE
District of Columbia Code Offender

It is certified that Hammond, Kenneth N_____, Register No. 09567-007_____, (DCDC No. __202521_____), now confined in USP Big Sandy, Inez KY_____ is entitled to good time deductions from the maximum term of sentence imposed as provided by law, and is hereby released from this institution under this sentence on __7/12/2005_____.
This inmate was released by the undersigned according to Title 24 of the District of Columbia Code, Chapter 4, Subchapter I and implementing regulations. Upon release, the above-named person is to remain under the jurisdiction of the United States Parole Commission, as if on parole, under the conditions set forth on the reverse side of this certificate, and is subject to such conditions until and including:

☒☒☒  [If Offense Committed On Or After April 11, 1987) __5/19/2009_____
        (release is via Mandatory Parole)              (full term date)
[or]
☐     [If Offense Committed Before April 11, 1987)  _____
        (release is via Mandatory Release)          (full term date minus 180 days)

Said prisoner is to reside within the District of Columbia and to remain within the limits of the Washington, D.C. Metropolitan Area (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia) until and including the date the United States Parole Commission's jurisdiction terminates, as described above.   The inmate is to report for supervision to [the District of Columbia, Court Services and Offenders Supervision Agency (CSOSA), Parole Supervision Services Division, 300 Indiana Avenue, N.W., Suite 2134, Washington, D.C.  20001] or [specify].

**Acknowledgement of Release Conditions:**
I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof.  I fully understand them and know that if I violate any of these conditions, I may be recommitted.

**Consent to the Disclosure of Drug/Alcohol Treatment Information:**
By signing this certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcohol treatment program in which I am, or will be participating, and the Parole Supervision Services Division.  I further consent to the disclosure by such facility to the Parole Supervision Services Division of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties.   This consent shall be irrevocable until the termination of supervision.

| Inmate Signature *Hammond N Kenneth* | Register No. 09567-007 |
|---|---|
| Witnessed: Name and Title  *D. Nix*, Secretary | Date  7/7/05 |

The above-named person was released on the _12_ day of __July__, 20_05_ with a total of _1407_ days remaining to be served to his full term date or 180 day date as indicated above.

US PAROLE
JUL 15 2005

_____
Chief Executive Officer

**EXHIBIT**

This CERTIFICATE will become effective on the day of release indicated above.  If the releasee fails to comply with any of the conditions listed on the attached page, the releasee may be summoned to a hearing or retaken on a warrant and reimprisoned pending a hearing to determine if the release should be revoked.

DC_PAROL                                         2

## CONDITIONS OF RELEASE

1. You shall go directly to the district named in the certificate (unless released to the custody of other authorities). Within three days after your release, you shall report to the supervision office named on the certificate. If in any emergency you are unable to get in touch with the supervision office, you shall communicate with the United States Parole Commission, Chevy Chase, Maryland 20815-7286.

2. If you are released to the custody of other authorities, and after release from the physical custody of such authorities, you are unable to report to the supervision office within three days, you shall report instead to the nearest U.S. Probation Officer.

3. You shall not leave the geographic limits fixed by the certificate of release without written permission from your Supervision Officer.

4. You shall make a complete and truthful written report (on a form provided for that purpose) to your Supervision Officer between the first and third day of each month, and on the final day of supervision. You shall also report to your Supervision Officer at other times as your Supervision Officer directs, providing complete and truthful information.

5. You shall not violate any law. You shall not associate with persons engaged in criminal activity. You shall get in touch within 2 days with your Supervision Officer if you are arrested or questioned by a law-enforcement officer.

6. You shall not associate with persons who have a criminal record without the permission of your Supervision Officer.

7. You shall not enter into any agreement to act as an informer or special agent for any law-enforcement agency without permission from your Supervision Officer.

8. You shall work regularly unless excused by your Supervision Officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your Supervision Officer any changes in employment. You shall notify your Supervision Officer within 2 days of any change in your place of residence.

9. You shall not drink alcoholic beverages to excess. You shall not purchase, possess, sell, manufacture, use, or distribute any controlled substance or drug paraphernalia unless such usage is pursuant to a lawful order of a practitioner and you promptly notify your Supervision Officer of same. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.

10. You shall not own, possess, use, sell, or have under your control any firearm, ammunition, or other dangerous weapons.

11. You shall permit visits by your Supervision Officer to your residence and to your place of business or occupation. You shall permit confiscation by your Supervision Officer of any materials which the officer believes may constitute contraband in your possession and which he observes in plain view of your residence, place of business or occupation, vehicle(s), or on your person. The Commission may also, when a reasonable basis for so doing is presented, modify the conditions of supervision to require you to permit the Supervision Officer to conduct searches and seizures of concealed contraband on your person, and in any building, vehicle, or other area under your control, at such times as the Supervision Officer shall decide.

12. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered child support or alimony payment that has been, or may be, imposed, and shall provide such financial information as may be requested, by your Supervision Officer, relevant to the payment of the obligation. If unable to pay the obligation in one sum, you will cooperate with your Supervision Officer in establishing an installment payment schedule.

13. You shall be screened for the presence of controlled substances by appropriate tests as may be required by your Supervision Officer.

14. You shall cooperate fully with those responsible for your supervision. You shall carry out the instructions of your Supervision Officer and report as directed, knowing that failure to do so may be sufficient to cause your return to the institution.

15. If released to the District of Columbia, you shall submit to the sanctions imposed by your Supervision Officer (within the limits established by the approved Schedule of Accountability Through Graduated Sanctions), if the Supervision Officer finds that you have tested positive for illegal drugs or that you have committed any non-criminal violation of the release conditions. Graduated sanctions may include community service, curfew with electronic monitoring, and/or a period of time in a community treatment center.

16. If you have been convicted of any sexual offense under District of Columbia or federal law (including the Uniform Code of Military Justice), you must report for registration with your state (including the District of Columbia) sex offender registration agency as directed by your Supervision Officer. You are required to report for registration in any state (including the District of Columbia) in which you live, work, attend school, or pursue any vocation. You must be registered in compliance with any law that applies to current or prior federal, state, or local convictions for sexual offenses, and in compliance with 42 U.S.C. § 14072(i) (which makes it a federal crime for any offender covered by 18 U.S.C. § 4042 not to register in accordance with state law). If there is any question as to whether or where you are required to register, you must seek and follow the guidance of your Supervision Officer.

You shall also abide by the below listed special condition(s) as indicated:

|  |
|--|
|  |

The Parole Commission may add to, modify, or delete any condition of release at any time. Information concerning a releasee under the supervision of the Parole Supervision Services Division may be disclosed to a person or persons who may be exposed to harm through contact with that particular releasee if such disclosure is deemed to be reasonably necessary to give notice that such danger exists. Information concerning a releasee may be released to a law enforcement agency as required for the protection of the public or the enforcement of the conditions of the release.

# W A R R A N T
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Hammond, Kenneth, Reg. No. 09567-007, DCDC No. 202-521, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 15 years, 180 days (Aggregate Original); 4,151 days (Parole Violator Term) for the crime of Burglary II; Robbery; Bail Reform Act and was on July 12, 2005 released on mandatory release with good time credits from Big Sandy USP with 1,407 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on January 29, 2007

_U.S. Parole Commissioner_

EXHIBIT
V

---

**Hammond, Kenneth**
**Reg. No. 09567-007    DCDC No. 202-521**

FEB 22 2007 09:45 FR U S MARSHALS SERVICE 2023071936 TO USPC                    P.04/10
** 10.39A9 JAT0T **

## WARRANT For Return Of Prisoner Released To Supervision

Name:   **Hammond, Kenneth**                     Institution:   Big Sandy USP
Reg. No. 09567-007                               DCDC No.   202-521

## UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE:  Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

District of _____ *COL* _____ ss:

Received this writ the _____ *8TH* _____ day of _____ *FEB* _____ 20 *07* and executed same by arresting the within-named _____ *KENNETH HAMMOND* _____ this _____ *21St* _____ day of _____ *FEB* _____ 20 *07* at _____ *5PM* and committing him to _____ *DC JAIL* _____

*George Walsh*
_____
                           U.S. Marshal

*Barry Boutschar*
_____
                           Deputy Marshal

Further executed same by committing him to _____

at _____ on _____, 20_____, the institution

designated by the Attorney General, with the copy of the warrant and warrant application.

_____
                           U.S. Marshal

_____
                           Deputy Marshal

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

## ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated _____ *JAN 29, 2007* _____

_____ *[signature]* _____ *FEB 21, 2007*
       Prisoner's Signature                              Date

*(If prisoner refuses to sign, Marshal should so indicate.)*

**Hammond, Kenneth**
Reg. No. 09567-007   DCDC No. 202-521

FEB 21 2007 13:10 FR USM



**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name ............................**Hammond, Kenneth**

| | |
|---|---|
| Reg. No ..........................**09567-007** | Date........................................ **January 29, 2007** |
| DCDC No......................**202-521** | Termination of Supervision..... **5-19-2009** |
| FBI No..........................**906 985 W7** | [If Conviction Offense Before April 11, 1987 And |
| Birth Date......................**11-14-62** | Offender Is On Mandatory Release, Termination |
| Race..............................**Black** | Date Is 180 Days Prior To Full Term] |
| | Violation Date........................... **7-15-2005** |
| | Released................................**July 12, 2005** |

Sentence Length ...........**15 years, 180 days (Aggregate Original); 4,151 days (Parole Violator Term)**
Original Offense.............**Burglary II; Robbery; Bail Reform Act**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 - Use of Dangerous and Habit Forming Drugs.** Between 7-15-2005 and 11-16-2006, the releasee submitted 25 urine specimens which tested positive for cocaine; and 1 urine specimen which tested positive for cocaine and opiates. This charge is based on the information contained in the violation report dated 11-21-2006 from supervising officer Danita Day and corresponding drug report dated 12-12-2006.
**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 2 - Failure to Submit to Drug Testing.** Between 7-29-2005 and 12-7-2006, the releasee failed to submit urine specimens on 34 occasions. This charge is based on the information contained in the violation report dated 11-21-2006 from supervising officer Danita Day and the corresponding drug report dated 12-12-2006.

**I ADMIT [   ] or DENY [   ] this charge.**

Probable Cause Hearing Is Required                    Warrant Recommended By:

Warrant Issued.................. **January 29, 2007**          **Scott Kubic, Case Analyst**
                                                   **U.S. Parole Commission**

Community Supervision Office Requesting Warrant: **Interstate V-Team 55, 300 Indiana Avenue**

---

**Hammond, Kenneth**
**Reg. No. 09567-007    DCDC No. 202-521**



03/08 2007 11:19 FAX                                                        Ø001/001

## Response To Expedited Revocation Proposal

| Name: HAMMOND, KENNETH | Reg No: 09567-007 | DCDC No: 202-521 |
| --- | --- | --- |

### PROPOSED DECISION

Revoke Parole; None of the time spent on Parole shall be credited. Continue to Presumptive Parole on 03/20/2008 after the service of 13 months.

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions which requires that you participate as instructed by your Supervising Officer in a program (inpatient or outpatient) for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

After review of all relevant factors and information presented, a decision outside the guidelines, at this consideration, is not warranted.

I accept the above-proposed decision of the U.S. Parole Commission. By accepting this decision, I understand that I am accepting responsibility for my conduct, waiving my right to a revocation hearing, and waiving my right to appeal the decision.

I decline the U.S. Parole Commission revocation proposal. I wish to have an in-person revocation hearing.

I wish to request a 14-day extension to consider this proposal.

Signature _____   Date 4/23/07

Witness _____   Date 9/23/07

Expedited Revocation Proposal HAMMOND KENNETH 09567-007

EXHIBIT

# Expedited Revocation Proposal



| Name: **HAMMOND, KENNETH** | Reg. No: **09567-007** | DCDC No: **202-521** |

I.      The Parole Commission has found that you have violated the conditions of your release.

II.      The Commission has found probable cause on the following charges:

     Charge No. 1 - Use of Dangerous and Habit Forming Drugs

     Charge No. 2 - Failure to Submit to Drug Testing

III.      **SALIENT FACTOR SCORE  (SFS-98)**

     **Items**      **Rules, Scores and Explanations**

**SFS Item A**    **Rule:**    <u>Prior convictions/adjudications (adult or juvenile)</u>
None = 3; One = 2; Two or three = 1; Four or more = 0

       **Score:**    SFS Item A =  0

       **Explanation:**   Subject has 7 prior convictions/adjudication

| Date | Offense | Disposition |
|---|---|---|
| 12/01/1981 | Grand Larceny (F 5882-81) | 5010B YCA on 12/1/81 (2-1) |
| 12/01/1981 | Burglary (F 6104-81) | 5010B YCA on 12/1/81 (1-1) |
| 04/16/1985 | Assault with a Dangerous Weapon (Knife) (F 2901-85) | 6 months (consecutive) on 11/19/85 (3-2) |
| 12/08/1989 | Unlawful Entry (M 12887-89) | 180 days on 6/5/90 (4-3) |
| 09/30/1991 | Burglary II (F- 11642-91C) | 5 years probation (5-3); Probation revoked on 7/17/92 and sentenced to 2 to 6 years (5-4) |
| 10/10/1991 | BRA (F 13413-91) | 180 days (consecutive) on 7/17/92 (6-4) |
| 07/13/1992 | Robbery (F 4008-92) | 3 to 9 years on 7/13/92 (7-4); Paroled on 4/26/96; Revoked on 9/16/98 (7-5); MR'd on 7/12/05 |

**SFS Item B**    **Rule:**   <u>Prior commitments of more than thirty days (adult or juvenile)</u>
None = 2; One or two = 1; Three or more = 0