**RECEIVED**

JUN 1 0 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**KENNETH N. HAMMOND
Aggrieved Party,**

V.                                                          Civil Action: 1:08-cv-00147 (RJL

**U.S. PAROLE COMMISSION, et, al.
Respondents.**

### AGGRIEVED PARTY'S SECOND
### MOTION SEEKING FOR ENTRY OF JUDGEMENT

The Aggrieved Party moves under the Great Writ seeking for the <u>second time</u> for this court to grant his Writ where the Respondents have failed to refute the Supreme Court analysis of **Jones v. Cunningham**, 371 U. S. 236, 83 S.Ct.373, 9 L.Ed.2d 285 (1963) and it's standing that parole is custody, for they have failed to show this court that there has been a Supreme Court ruling that over ruled the *Jones v. Cunningham analysis*, in fact, the aggrieved party has within his Writ shown by other District of Columbia District Court and other State case's that support his arguments that time spent on parole was never meant to be re-severed in prison if parole was revoked, for the Supreme Court case's make very clear as well as the laws that governs over a parole violation Issue, where it made clear that the only time a parolee forfeit is the time from the issuing of the parole violation warrant to the executing of that same warrant.

1

Also, because the District of Columbia adopts Federal Laws as it's guided in creating it's own laws, and because the two laws have verbatim statements, the federal laws stated within the aggrieved party's writ are the proper laws that also governs over the District of Columbia prisoner's.

Which states:

§4210(a) a parolee "shall remain" in the legal custody and under the control of the Attorney General, until the expiration of the maximum term or terms for which such parolee was sentenced.

And:

§ 24-204(a) states: while on parole a prisoner "shall remain" in the "legal custody" and under the control of the Attorney General of the United States or his authorized representative until the expiration of the maximum of the term or terms specified in his sentence without regard to good time allowance.

Also accordingly, to **Woodson v. Attorney General**, **990 F.2d 1344 (D.C. Cir. 1993)** Parole is a <u>Mandatory Secondary</u> part of the original sentence that the Respondents failed to address in their response, because the aggrieve party asserts that he was not allowed to waive his Statutory & Extra Good Time or Institutional Credits and was forced onto parole, that time he was on parole must be accounted towards his sentence, and the Respondence's has also failed to refute this fact.

Also if this Court was to look at the case of **McCoy v. Harris**, **supra, 108 Utah, at 414,160 P.2d at 722** and the court's finding in that case, which states that (parole does not chance the status of a prisoner, it merely 'pushes back the prison walls' and allows

him the wider freedom of movement (while serving his sentence)) and take that Court finding as is for its true meaning, then this Court must find that, that Court had found good reason to believe that its findings had some foundation to rule that way, and the aggrieve party believes that, that Court's ruling is correct, and the Respondents has also failed to refute that fact.

The aggrieved party asserts and the record herein do verify that parole is custody for the purpose of service towards the sentence.

Under **Artez v. Mulcrone**, 673 F.2d 1169, 1170 (10th Cir. 1982) stated: the Parole Commission does not modify a Trial Court sentence, but merely determines whether the individual will (serve the sentence) inside (or) outside of the prison walls. See-also **Moore v. Nelson**, 611 F.2d 434,439 (2nd Cir. 1979); **Marrero v. Warden**, 488 F.2d 656,661 (3rd Cir. 1973), rev'd on other grounds, 417 U.S. 653, 94 S.Ct.2532, 41 L.Ed.2d 383(1974); **Smaldone v. United States**, 458 F.Supp.1000,1003(D.Kan.1978).

**Howie v. Byrd**, 396 F.Supp.117, 123 (4th Cir1975) ruled: If parole is "custody" or an extension of the prison walls, or in legal effect imprisonment, as the Fourth Circuit Court of Appeals correctly observed in **Alvarado v. McLaughlin**, 486 F.2d 541,544 (4th Cir. 1973) then for these reasons it ought to count towards service of the original sentence.

In **Alvarado v. McLaughlin**, 486 F.2d 541,544 (4th Cir. 1973) ruled as follows: parole is not a suspension of sentence, **Jenkins v. Madigan**, 211 F.2d 904, 906 (7th Cir.1954) **cert, denied, 348 U.S.842,75 S.Ct. 63,99 L.Ed664**; it does not remove or make invalid the sentence imposed, **Marrero v. Warden**, supra, it is still a form of custody, **Padilla**

v.Lynch, 398 F.2d 481,482 (9th Cir. 1968), and is in legal effect imprisonment, **Anderson v. Corall**, 263 U.S. 193,196, 44 S.Ct. 43, 68 L.Ed 247(1923), in summary, it is not a release of the prisoner from all disciplinary restraint but is rather merely an extension of the prison walls and the prisoner while on parole remains in the legal custody and under the control of the Parole Board, **United States v. Nicholson**, 78 F.2d 468, 469-470 (4th Cir.1935), cert. Denied 296 U.S. 573,56 S.Ct.118, 80 L. Ed 405.

Parole is not a suspension of a sentence, it is a substitution during the continuance of the parole, of a lower grade of punishment, by confinement in the legal custody and under the control of the warden within the specified prison bounds outside the prison, for the confinement within the prison adjudged by the court, while the parolee is out of prison under the parole, he is still serving his sentence. **Anderson v. Williams**, 279 F.822, 827 (8th Cir. 1922).

It must be borne in mind that the legal philosophy underlying the parole law is not a release of the prisoner from all disciplinary restraint but is rather merely an extension of the prison walls, and the prisoner while on parole remains in the legal custody and under the control of the parole board., **Anderson v. Corall**,263 U.S. 193, 196; **Morgan v. Aderhold**, 73 F.2d 171, 172; **Stockton v. Massey**, 34 F.2d 96(CCA4).

Therefore from the reading of these cases it can be found that the a prisoner that is placed on parole is still in custody for the purpose of time being severed towards that sentence from which he/she was sentenced.

4

On page #7 of the Respondents response <u>foot note 2</u> he states that Federal Laws only apply to U.S. Code Offenders and not to D.C. Code Offenders, but if this Court was to review 18 U.S.C. § 4210(a) & D.C. Code § 24-204(a) it will find that the District of Columbia not only uses Federal Laws to formulate its District Laws, in fact in some cases the District has adopt Federal Laws as its guide.

The aggrieve party asserts and the History of our Courts confirm the a State Court ruling cannot over rule a Supreme Court ruling, therefore **<u>U.S.P.C. V. Noble</u>, 693 A.2d 1084(1997)** does not supersede **<u>Jones v. Cunningham</u>, 371 U.S. 236(1963)**.

Accordingly if the court approved the practice the Commission is using it would mean that <u>every D.C. parolee stop serving their sentence the moment they were paroled</u>, since the only time that is accounted is time served behind prison walls, and for every day served in parole custody ,must be reserved in prison, for this is an absurd conclusion and in direct conflict with the 5th, 8th, & 14th, Amendments of the Constitution.

For under the eighth Amend. It was established that no man was to serve a sentence from which he had already served, this punishing or penalizing him twice for the same event., from the reading of the above statutes and case's it is credence that time spent in custody <u>"must be accounted"</u> towards a sentence that is being served and that no parole authority can order the unlawful taking (or) withholding of time served upon a sentence.

As Judge Skelly J. Wright, of the D.C. Court of Appeals made a juridical dissenting judgment stated a legal fact and finding that Parole is merely a modern form of exercise of "custody and control" by the authority **<u>Jones v. Cunningham</u>**, supra, when the period

fixed by judgment for the prisoner's release from custody & control has arrived, he may no longer be held under the original sentence...no matter whether he has (or) has not had parole granted or revoked., to keep him in confinement longer than called for by his sentence would be to deprive him of liberty without due process of law, the statute should not be read to require an unconstitutional confinement., It was also found in that case as can be found herein, for refusal to count parole time as part of the period in custody would raise grave constitutional problems. See- **Bates v. Rivers, 323 F.2d 311,315 (D.C. Cir. 1963).**

Also, because under the Parole Commission's interpretation of the statute(s) it would mean that the parole commission can continuously re-sentence the parolee to a new prison term and or parole supervision term that exceeds the original sentence., for it was found in the U.S. District Court for the District of Columbia, **Williams v. U.S. Parole Commission, 860 F. Supp.1,4 (D.C. Cir.1994)** that this kind of "yo-yo sentencing" can not be countenanced.

Meaning as in the case of Williams where the Commission continuously revoked Williams for a parole violation and re-sentenced him to a (new term of Imprisonment & Supervised Release) for that Court concluded that if the Commission continuously re-sentence Williams beyond the original sentence, that this kind of sentencing would inadvertently convert Williams five year sentence into a life sentence and that this type of sentencing went out with the Dark Ages.

For it is hard to believe that so many Sister Circuit Courts as well as the Supreme Court "all" could be so wrong in its judgments that "Parole Custody" is "In Custody" for the

purpose of days spent being served on parole as days being served towards the completion of the original sentence.

For the U.S. Parole Commission has throughout its regulations created the New D.C. Parole Regulations for the District of Columbia prisoners which reflect back to its own Federal Parole Regulations that are used on U.S. Code Offenders when it applies its sanctions and statutes.

Note:

If this Court was to look at the aggrieve party's Parole Commission statements from the year of 2001 (which is enclosed within the Respondents exhibits) it will find that the Commission used Federal Parole regulations to place the aggrieve party under the Federal Regulations when referring to the parole statutes that are before the 28 C.F.R.§ 2.80's, for the District Parole Statutes are from 2.80 to the end, but in the aggrieve party's case the statutes that were used were the statutes that are before the 2.80's (see the Respondents Exhibits) therefore the Respondents statements before this Court is misleading and untrue, for the records do show that the Federal Parole Commission has and are using Federal statutes against D.C. Code Offenders.

Because the Respondents have failed to address the issues that the Aggrieve Party has brought before this Court and because they have failed to show this Court why this Court should not grant the Aggrieve Party's Writ or how it is that the Supreme Court ruling under Jones v. Cunningham, was over turn by some other Supreme Court ruling the Aggrieve Party moves before this Honorable Court for the second time seeking the relief from this court executing the order to release the aggrieve party from any and all

obligations that was owed to the Respondents by the Aggrieve Party, and for this Order to be executed as according to the date of 12-26-2007 the sentence execution completion date.

Respectfully Submitted

*Kenneth N. Hammond*

Kenneth N. Hammond
9302 Piney Branch, Rd # 202
Silver Spring, Md. 20903
6-8-2008

## CERTIFICATE OF SERVICE

I the Aggrieve Party hereby declare that the above Second Motion For Entry of Judgment was mailed to the Respondents Attorney Timothy W. Lucas, Assistant United States Attorney at 555 4th, Street, N.W. Room 10-443 Washington, D.C. 20530 on this 8th, day of June , 2008.

*Kenneth N. Hammond*

Kenneth N. Hammond
