UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA **RECEIVED**

AUG 2 8 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Kenneth N. Hammond
**Aggrieved Party,**

V.

Civil Action No: 1:08-cv-00147 (RUL)

U.S. PAROLE COMMISSION, et, al.
**Defendant(s)**

## AGGRIEVED PARTY MOVES UNDER 28 U.S.C.§ 1361 TO COMPEL THIS DISTRICT COURT TO PERFORM DUTY OWED TO AGGRIEVED PARTY AND THE ANSWERING OF SAID GREAT WRIT OF HABEAS CORPUS IN A TIMELY MANNER

Aggrieved Party moves before this court under 28 U.S.C.§ 1361 seeking this Honorable Court to make a Court Ruling in the above caption case, were the defendants have failed to refute the aggrieved parties statements of facts, that parole is custody for the purpose of time being severed towards the completion of the original sentence, and that each day spent on parole is to be accounted towards the completion of that sentence

For the aggrieved party filed his Second Motion seeking for the Entry of Judgment back on the 8th day of the month of June, 2008 to no avail, for it has now been more then 78 days since the aggrieved party submitted that said Motion , it for this reason that the aggrieved party now submits his latest Motion seeking for this Court to grant his Writ and Order the aggrieved party released from any and all obligations that was owed to the Defendants, where the Defendants have failed to refute any of the aggrieved party claims that parole custody is in custody for the purpose of service towards the completion of the

1

original sentence nor have they refuted the Supreme Court analysis of **Jones v. Cunningham, 371 U. S. 236, 83 S.Ct.373, 9 L.Ed.2d 285 (1963)** and it's standing that parole is custody, for they have failed to show this court that there has been a Supreme Court ruling that over ruled the *Jones v. Cunningham analysis*, in fact, the aggrieved party has within his Writ shown ,by other District of Columbia District Court and other State case's that support his arguments, that time spent on parole was never meant to be re-severed in prison if parole was revoked, for the Supreme Court case's make very clear as well as the laws that governs over a parole violation Issue, where it was made clear that the only time a parolee forfeit is the time from the issuing of the parole violation warrant to the execution of that same warrant.

Also accordingly, to **Woodson v. Attorney General, 990 F.2d 1344 (D.C. Cir. 1993)** Parole is a "Mandatory Secondary part" of the original sentence that the Defendants failed to refute in their responses, because the aggrieve party asserts that he was not allowed to waive his Statutory & Extra Good Time or Institutional Credits and was forced onto parole, that time he was on parole must be accounted towards his sentence, and the Defendant's has also failed to refute this fact.

Also if this Court was to look at the case of **McCoy v. Harris, supra, 108 Utah, at 414,160 P.2d at 722** and the court's finding in that case, which states that (parole does not chance the status of a prisoner, it merely 'pushes back the prison walls' and allows him the wider freedom of movement (while serving his sentence)) and taking that Court's finding as is, under its true meaning, then this Court must find that, that Court had found good reason to believe that its findings had some foundation to rule that way, and the

2

aggrieve party believes that, that Court's ruling is correct, and the Respondents has also failed to refute that fact.

The aggrieved party asserts and the record herein do verify that parole is custody for the purpose of service towards the completion of the original sentence, and this fact was also not refuted by the defendants.

Under **Artez v. Mulcrone**, 673 F.2d 1169, 1170 (10th Cir. 1982) stated: the Parole Commission does not modify a Trial Court sentence, but merely determines whether the individual will (serve the sentence) inside (or) outside of the prison walls.
See-also **Moore v. Nelson**, 611 F.2d 434,439 (2nd Cir. 1979); **Marrero v. Warden**, 488 F.2d 656,661 (3rd Cir. 1973), rev'd on other grounds, 417 U.S. 653, 94 S.Ct.2532, 41 L.Ed.2d 383(1974); **Smaldone v. United States**, 458 F.Supp.1000,1003(D.Kan.1978).

**Howie v. Byrd**, 396 F.Supp.117, 123 (4th Cir1975) ruled: If parole is "custody" or an extension of the prison walls, or in legal effect imprisonment, as the Fourth Circuit Court of Appeals correctly observed in **Alvarado v. McLaughlin**, 486 F.2d 541,544 (4th Cir. 1973) then for these reasons it ought to count towards service of the original sentence.

In **Alvarado v. McLaughlin**, 486 F.2d 541,544 (4th Cir. 1973) ruled as follows: parole is not a suspension of sentence, **Jenkins v. Madigan**, 211 F.2d 904, 906 (7th Cir.1954) cert, denied, 348 U.S.842,75 S.Ct. 63,99 L.Ed664; it does not remove or make invalid the sentence imposed, **Marrero v. Warden**, supra, it is still a form of custody, **Padilla v.Lynch**, 398 F.2d 481,482 (9th Cir. 1968), and is in legal effect imprisonment, **Anderson v. Corall**, 263 U.S. 193,196, 44 S.Ct. 43, 68 L.Ed 247(1923), in summary, it

is not a release of the prisoner from all disciplinary restraint but is rather merely an extension of the prison walls and the prisoner while on parole remains in the legal custody and under the control of the Parole Board, **United States v. Nicholson, 78 F.2d 468, 469-470 (4th Cir.1935)**, cert. Denied **296 U.S. 573,56 S.Ct.118, 80 L. Ed 405.**

Parole is not a suspension of a sentence, it is a substitution during the continuance of the sentence, of a lower grade of punishment, by confinement in the legal custody under the control of the warden within the specified prison bounds outside the prison, for the confinement within the prison adjudged by the court, while the parolee is out of prison under parole, he is still serving his sentence. **Anderson v. Williams, 279 F.822, 827 (8th Cir. 1922).**

It must be borne in mind that the legal philosophy underlying the parole law is not a release of the prisoner from all disciplinary restraint but is rather merely an extension of the prison walls, and the prisoner while on parole remains in the legal custody and under the control of the parole board., **Anderson v. Corall,263 U.S. 193, 196; Morgan v. Aderhold, 73 F.2d 171, 172; Stockton v. Massey, 34 F.2d 96(CCA4).**

Therefore from the reading of these cases it can be found that the a prisoner that is placed on parole is still in custody for the purpose of time being severed towards that sentence from which he/she was sentenced.

The aggrieve party once again asserts and the History of our Courts confirm that a State Court ruling cannot over rule a Supreme Court ruling, therefore **U.S.P.C. V. Noble, 693 A.2d 1084(1997)** does not supersede **Jones v. Cunningham, 371 U.S. 236(1963).**

Accordingly, if this court approved the practice the Commission is using it would mean "every D.C. parolee stop serving their sentence the moment they were paroled," since the only time that is accounted is the time served behind prison walls, but their disposition is that for every day served in parole custody ,must be reserved in prison, for this is an absurd conclusion and in direct conflict with the 5th, 8th, & 14th, Amendments of the Constitution, and this Court should not concur unlawfully with the defendants in committing these Constitutional violations against the aggrieved party and his God given rights.

For under the eighth Amend. It was established that no man was to serve a sentence from which he had already served, this punishing or penalizing him twice for the same event., from the reading of the above statutes and case's it is credence that time spent in custody "must be accounted" towards a sentence that is being served and that no parole authority can order the unlawful taking (or) withholding of time served upon a sentence.

As Judge Skelly J. Wright, of the D.C. Court of Appeals made a juridical dissenting judgment stated a legal fact and finding that Parole is merely a modern form of exercise of "custody and control" by the authority **Jones v. Cunningham**, supra, when the period fixed by judgment for the prisoner's release from custody & control has arrived, he may no longer be held under the original sentence...no matter whether he has (or) has not had parole granted or revoked., to keep him in confinement longer than called for by his sentence would be to deprive him of liberty without due process of law, the statute should not be read to require an unconstitutional confinement., It was also found in that case as

can be found herein, for refusal to count parole time as part of the period in custody would raise grave constitutional problems. See- **Bates v. Rivers, 323 F.2d 311,315 (D.C. Cir. 1963).**

Also, because under the Parole Commission's interpretation of the statute(s) it would mean that the parole commission can continuously re-sentence the parolee to a new prison term and or parole supervision term that exceeds the original sentence., for it was found in the U.S. District Court for the District of Columbia, **Williams v. U.S. Parole Commission, 860 F. Supp.1,4 (D.C. Cir.1994)** that this kind of "yo-yo sentencing" can not be countenanced.

Meaning as in the case of Williams where the Commission continuously revoked Williams for a parole violation and re-sentenced him to a (new term of Imprisonment & Supervised Release) for that Court concluded that if the Commission continuously re-sentence Williams beyond the original sentence, that this kind of sentencing would inadvertently convert Williams five year sentence into a life sentence and that this type of sentencing went out with the Dark Ages.

For it is hard to believe that so many Sister Circuit Courts as well as the Supreme Court "all" could be so wrong in its judgments that "Parole Custody" is "In Custody" for the purpose of days spent being served on parole as days being served towards the completion of the original sentence.

Because the defendants have failed to address or refute the issues that the aggrieve party has brought before this Court and because they have failed to show this Court why

this Court should not grant the aggrieve party's Writ or how it is that the Supreme Court ruling under <u>Jones v. Cunningham</u>, was over turn by some other Supreme Court ruling the aggrieve party moves once again before this Honorable Court for the third time seeking the relief from this court executing the order to release the aggrieve party from any and all obligations that was owed to the defendants by the aggrieve party, and for this Order to be executed as according to the date of 12-26-2007 the sentence execution completion date.

Respectfully Submitted

Kenneth N. Hammond
9302 Piney Branch, Rd # 202
Silver Spring, Md. 20903
8-27-2008

## CERTIFICATE OF SERVICE

I the Aggrieve Party hereby declare that the above Motion under 28 U.S.C. § 1361 to compel relief was mailed to the defendants Attorney Timothy W. Lucas, Assistant United States Attorney at 555 4th, Street, N.W. Room 10-443 Washington, D.C. 20530 on this 27th, day of August , 2008.

Kenneth N. Hammond
