UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH HAMMOND, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 08-0147 (RJL) |
| | ) |
| U.S. PAROLE | ) |
| COMMISSION *et al.*, | ) |
| | ) |
| Respondents. | ) |

MEMORANDUM OPINION
September 29, 2008

In this action for a writ of *habeas corpus*, petitioner, a District of Columbia prisoner, challenges as a due process violation the forfeiture, upon the revocation of his parole, of credit toward his sentence for time served on parole. Because the law is settled on such claims, the Court denies the petition.

## I. BACKGROUND

In July 1992, the Superior Court of the District of Columbia sentenced petitioner to consecutive prison terms of three to nine years for burglary, two to six years for robbery and 180 days for violation of the Bail Reform Act. Res.'s Ex. A. Petitioner was paroled on April 26, 1996, with a full-term expiration date of September 11, 2007. Ex. B. On August 13, 1997, petitioner was arrested on Maryland charges of second-degree rape and sexual assault, Ex. C, and on January 6, 1998, pleaded guilty to second-degree assault. Exs. E, M, N. As a result, petitioner's D.C. parole was revoked by notice of March 9, 1998. Ex. F. Following mistakes by the now defunct D.C. Board of Parole, the United States Parole Commission, having assumed parole responsibility of D.C. Code offenders, conducted a parole reconsideration hearing on

August 23, 2000. Ex. N. Finding by a preponderance of the evidence that petitioner had committed the rape for which he was charged in Maryland, *id.*, the Commission, by notice of September 26, 2000, denied parole and ordered that petitioner serve his sentence to expiration. Ex. O.

On July 12, 2005, petitioner was released to mandatory parole, with a full-term expiration date of May 19, 2009. Ex. U. But, on January 29, 2007, the Commission issued a parole violator warrant based on petitioner's alleged drug use and failure to submit to drug testing, which was executed on February 21, 2007. Ex. V. On April 23, 2007, petitioner signed an expedited revocation proposal, "accepting responsibility for my conduct, waiving my right to a revocation hearing, and waiving my right to appeal the decision." Ex. W.

Petitioner filed this action on January 25, 2008, while residing at Hope Village in Washington, D.C.[1] On March 20, 2008, petitioner was again released to parole, with a full-term expiration date of December 28, 2010. U.S. Parole Commission's Opposition to Petitioner's Petition for a Writ of Habeas Corpus at 4.

## II. DISCUSSION

District of Columbia prisoners are entitled to *habeas corpus* relief under 28 U.S.C. § 2241 if they establish that their "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner argues that the time he spent on parole ("street time") should be restored because he was still "in custody." Pet. at 4, 6-8. It is

---

[1] Mail sent to petitioner's address of record at Hope Village has been returned to the Clerk as undeliverable. Dkt. No. 10.

established, however, that the controlling statute, D.C. Code § 24-406 (formerly § 24-206),[2] does not violate the Constitution. *See U.S. Parole Com'n v. Noble*, 693 A.2d 1084, 1094-1104 (D.C. 1997), *reinstated* 711 A.2d 85 (D.C. 1998) (en banc) (interpreting D.C. Code § 24-206(a) as requiring forfeiture of street-time credit on certification of question from the District of Columbia Circuit); *McKee v. U.S. Parole Com'n*, 214 Fed.Appx. 1, 2 (D.C. Cir. 2006) ("*Noble* provided an authoritative statement of the meaning of D.C. Code § 24-206(a) (1981) that was consistent with the statutory language."); *Campbell v. U.S. Parole Com'n*, 563 F.Supp.2d 23, 25 (D.D.C. 2008) (discussing "firmly established" precedent) (citations omitted); *Morrison v. U.S. Parole Com'n*, 2006 WL 1102805 *3 ("The forfeiture of street time under *Noble* has consistently withstood constitutional challenge.") (citing cases). This is so because neither the Constitution nor District of Columbia law creates a liberty interest in parole or credit earned therefrom. *See Ellis v. District of Columbia*, 84 F.3d 1414, 1415-20 (D.C. Cir. 1996); accord *Blair-Bey v. Quick*, 151 F.3d 1036, 1047 (D.C. Cir. 1998); *Brandon v. D.C. Board of Parole*, 823 F.2d 644, 648 (D.C. Cir. 1987). Accordingly, the *habeas corpus* petition is denied. A separate Order accompanies this Memorandum Opinion.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge

---

[2] In relevant part, the statute provides:

> If the order of parole shall be revoked, the prisoner, unless subsequently reparoled, shall serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him after his return to custody. . . . *The time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced.*

D.C. Code § 24-406(a) (emphasis added).

3